PHILIP SMITH *vs.* BOSTON GAS LIGHT COMPANY.

Suffolk.   Nov. 14, 1879. — Sept. 9, 1880.   MORTON & SOULE, JJ., absent.

In an action against a gas company for injuries received by the plaintiff, by the inhalation of gas, which escaped from the defendant's pipes, it appeared that the plaintiff, who was too young to testify, occupied the same room and bed with his mother; that the door of the room in which they slept was broken open in the morning, and the plaintiff was found insensible by the dead body of his mother, whose death was caused by the escaping gas; that the escaping gas came from a crack in the pipe laid by the defendant through the street on which the plaintiff lived; that there were no gas fixtures in the room; and there was no evidence that the plaintiff or his mother had notice of escaping gas, or were conscious of its presence in the room in time to leave or to take any precautions to prevent the consequences by opening doors or windows. There was also evidence that, on the day before the accident, there was no smell of gas in the street; and that the mother was a sober and prudent woman. *Held*, that there was evidence sufficient to support a verdict for the plaintiff. *Held, also*, that a ruling "that there was evidence enough of want of proper care on the part of the defendant to make it responsible, on the ground that it was bound to conduct its gas in a proper manner, and that the fact that the gas escaped was *prima facie* evidence of some neglect on the part of the defendant," was not open to exception.

TORT for personal injuries occasioned to the plaintiff, a minor under five years of age, by the inhalation of gas, which escaped from the defendant's pipes.   Trial in this court, before *Ames*, J., who, after a verdict for the plaintiff, reported the case for the determination of the full court.   If, upon the facts, which appear in the opinion, there was any evidence to be submitted to the jury upon the questions of due care on the part of the plaintiff or those in charge of him, and of any negligence on the part of the

defendant which caused the injury, and if the rulings were correct, judgment was to be entered on the verdict; otherwise, judgment for the defendant, or a new trial ordered.

*C. P. Greenough*, for the defendant.

*S. A. B. Abbott*, for the plaintiff.

COLT, J. The plaintiff is a child of tender years. The escape of gas which caused the injury to him at the same time caused the death of his mother. The two occupied the same room and bed. Upon the question of the due care of the plaintiff and of his mother, who then had him in charge, the evidence presents as full a disclosure of the facts as the nature of the case allows. The plaintiff himself is too young to testify, and it does not appear that there is any other person living who can be called to give an account of them. The door of the room in which these persons slept was broken open in the morning, and the plaintiff was found insensible by the dead body of his mother. The escaping gas came from a crack in the pipe laid by the defendant corporation through Thacher Court. There were no gas-fixtures in the room; and there was no evidence that the plaintiff or his mother had notice of escaping gas, or was conscious of its presence in the room, in time to leave or to take any precautions to prevent the consequences by opening doors or windows. There was evidence that, on the day before the accident, there was no smell of gas in the court; and there was also evidence that the mother was a sober and prudent woman. The jury may well have found that the crack in the pipe and the escape of gas first occurred some time during the night of the accident; and would be justified in finding that neither the plaintiff nor his mother was chargeable with want of ordinary care in preventing or escaping the result.

The burden is upon the plaintiff to show that he and his mother were in the exercise of due care in respect to the occurrence from which the injury arose. But this, as was said in *Mayo* v. *Boston & Maine Railroad*, 104 Mass. 137, 140, although, in form, a proposition to be established affirmatively, need not be proved by affirmative testimony addressed directly to its support. It may be shown by evidence which excludes fault, and, in the case at bar, there is nothing which excludes the inference that both mother and child on that night went to bed and to sleep in

the usual manner, with nothing to indicate that there was un-usual exposure to injury; and that they were suffocated in their sleep by the gas which escaped from the defendant's pipes. If this was so, they were clearly in the exercise of such care as prudent people ordinarily use under circumstances of similar exposure to injury from hidden and unsuspected causes. *Craig* v. *New York, New Haven & Hartford Railroad*, 118 Mass. 431. *Commonwealth* v. *Boston & Lowell Railroad*, 126 Mass. 61, 68. *Hinckley* v. *Cape Cod Railroad*, 120 Mass. 257.

The judge ruled at the trial, "that there was evidence enough of want of proper care on the part of the defendant to make it responsible, on the ground that it was bound to conduct its gas in a proper manner; and that the fact that the gas escaped was *prima facie* evidence of some neglect on the part of the defendant." Taking the whole ruling, as applied to the facts in the case, we cannot say that it was wrong. The declaration was for an injury caused by the defendant's negligence in permitting its gas-pipes to be defective and out of repair. The point at the trial was whether the injury was so caused or not. The defendant was authorized by law to lay down pipes and convey gas under the surface of the public streets, and was bound to use proper care and prudence in the conduct of its business, having reference to the delicate and dangerous character of the material in its charge. It was especially bound to exercise this care in the proper location, structure and repair of the pipes, so that there would be no escape of gas dangerous to life and health. The question was plainly ruled upon as a question of negligence to be left to the jury. The evident intent and the reasonable understanding of the ruling of the judge was this and no more, that there was sufficient evidence upon that question to warrant the jury in finding a verdict for the plaintiff. The language used cannot be fairly construed as imposing absolute liability upon the defendant for the escape of gas, without regard to the question of negligence, or as asserting that the defendant was bound at its peril not to permit its escape; and there is no occasion to inquire whether the doctrine of *Rylands* v. *Fletcher*, L. R. 3 H. L. 330, as applied in *Shipley* v. *Fifty Associates*, 106 Mass. 194, and in *Gorham* v. *Gross*, 125 Mass. 232, is applicable to injuries of this description. The jury upon the evidence here reported

would, in our opinion, be justified in finding the defendant guilty of the negligence charged. The escape of gas from a defective pipe into the room occupied by the plaintiff, with no explanation of the cause other than was here offered, was some evidence of neglect. The pipes were made to contain the gas and conduct it safely, and it was the defendant's duty to see that they were constructed in a proper form and of proper material; and that they were laid in the ground at a suitable depth and in a suitable manner, and kept in proper repair for that purpose. The construction and care of the works were exclusively in the hands of the defendant, and no cause independently of some negligence on its part is shown to have produced the defect. *Le Barron* v. *East Boston Ferry Co.* 11 Allen, 312. *Feital* v. *Middlesex Railroad*, 109 Mass. 398. *Kendall* v. *Boston*, 118 Mass. 234.

In *Hutchinson* v. *Boston Gas Light Co.* 122 Mass. 219, cited by the defendant, the difference is, that the injury to the pipes and the leakage of gas were produced by other causes, such as the excessive heat, the fall of heavy buildings, and the other destructive agencies of a great conflagration. But beside this, there was in the case at bar some evidence that the pipes were not laid with sufficient care, or made of proper material with reference to the action of the frost, and were, therefore, more liable to break in the winter time, when this accident occurred.

There was evidence in support of both the propositions which the plaintiff was required to maintain to justify a verdict in his favor; and the rulings of the court were sufficiently favorable to the defendant.                    *Judgment on the verdict.*