# September Term, 1903.

### [No. 2236.]

## THE UNITED OIL COMPANY v. MILLER.

**1. Negligence—Evidence.**

Defendant piped plaintiff's house for gas, and one month after the pipe was laid gas was turned on and a plug being out of the end of one of the service pipes gas escaped into the room, an explosion occurred and damaged plaintiff's house. There was no evidence that the pipe had ever been disturbed at the point where the plug should have been after it was laid by defendant. Held, that the evidence was sufficient to sustain a verdict that defendant failed to plug the pipe, although its employees who did the work testified that the pipe was plugged.

**2. Instructions—Not Applicable—Evidence.**

An instruction should not be given where there is no evidence to which it is applicable.

**3. Instructions—Requested—Objections.**

Where an instruction was given substantially as requested, the person requesting it is not in position to question it.

**4. Instructions—Negligence.**

In an action against a gas company, who piped plaintiff's house, for damage occasioned by° an explosion of gas which escaped because of a missing plug from the end of a service pipe, a requested instruction by defendant to the effect that it was not sufficient to warrant a finding that defendant had failed to properly plug the pipe, to show that at the time of the explosion the plug was missing, if plaintiff, without the knowledge of defendant, had in the meantime made or caused to be made, any changes in the pipes, was properly modified by the court by adding after the word pipes, the limitation, "which in any way contribute to the injury complained of."

**5. Evidence—Cross-Examination—Occupation of Witness.**

On cross-examination it is proper to ask questions as to witness's occupation.

*Appeal from the District Court of Fremont County.*

Mr. HENRY F. MAY, for appellant.

Mr. LEE CHAMPION, for appellee.

GUNTER, J.

Appellee owned a terrace of six compartments in the city of Florence. Appellant (defendant) piped the terrace for natural gas; contracted to furnish one of the compartments with gas, and turned it into the pipes for that purpose. A plug was missing at the time of the accident from the end of the surface pipe in compartment one. The gas escaped, an explosion resulted, two of the compartments were destroyed, and two others materially damaged. Appellee sued to recover for damages so sustained, had verdict and judgment, and therefrom is this appeal.

There was but one question of fact for the jury: Did the defendant fail to plug the service pipe in compartment one?

At the close of plaintiff's evidence, and also at the close of the evidence in the case, defendant asked the court to charge the jury to find a verdict for the defendant. This was denied, and thereon are based assignments of error 1 and 2. Defendant tendered, and the court refused, instructions 2 and 3. Upon this ruling assignments of error 14 and 15 are based. These instructions in effect charged the jury to find the above issue of fact for the defendant.

If the evidence adduced justified a submission to the jury of the issue, whether or not defendant failed to plug the service pipe, then the court was justified in its rulings questioned by these four assignments of error.

The gas causing the explosion escaped from the

end of the service pipe. There was evidence that
this had been laid by defendant about one month
before the accident; that it had never been used until
the date of the accident. There was no evidence that
it had ever been disturbed at the point where the
plug should have been inserted from the date the
pipe was laid until the date of the accident. Upon
this latter date when gas was turned in for the first
time the plug was missing and the gas escaped. As
the defendant had laid the pipe recently, as there
was no evidence tending to show that any one had
tampered with the section of pipe which should have
contained the plug, between the date the pipe was
laid and the date of the explosion, and as the plug
was absent upon the latter date, there was evidence
from which the jury might conclude that defendant
had never plugged the pipe.—*Smith v. Boston Gas
Light Company,* 129 Mass. 318; *Carmody v. Boston
Gas Light Company,* 162 Mass. 539.

Three witnesses were introduced by defendant
to prove that the pipe had been plugged. These wit-
nesses were employees of defendant. Further, ser-
ious damage had been done to property, and personal
injuries had been caused to certain occupants of the
demolished premises by the explosion. If the pipe
was left without a plug by defendant, it was the act of
these witnesses. They were materially interested in
establishing the fact that the plug was inserted as
claimed by defendant. These matters went to the
credibility of the witnesses. In impeachment of one
of the witnesses, it was testified that he admitted
just after the accident that he had failed to plug the
pipe. There were other circumstances bearing upon
the issue of fact which the jury could have properly
considered. There was evidence from which the jury
could reasonably have concluded that the pipe was
not plugged by defendant. This being true, its

conclusion on the question of fact is not reviewable by us.

Assignment of error 16 is to the refusal of the court to give instruction 8 and in modifying this instruction. A discussion of this assignment involves assignment 23. The tendered instruction was in this language:

"It is incumbent upon the plaintiff to satisfy you by a fair preponderance of the evidence that the defendant or its servants or its agents left the house improperly piped, or left the pipes improperly plugged or capped, and it is not sufficient to warrant you in finding that such was the case, to show that the defendant caused the house to be piped, and at the time of the explosion a plug was missing or the pipes were improperly laid, if in the meantime, without the knowledge of the defendant, the plaintiff had made or caused to be made changes in the pipes."

If there had been evidence tending to show that plaintiff had changed the section of pipe from which the plug was missing, or had tampered with the plug between the date the pipe was laid and the date of the accident, then there would have been evidence to which to apply the instruction, but there was none such. Changing the particular section of pipe removed by plaintiff did not involve disturbing the part of the pipe from which the plug was missing, or tend to show a tampering with it. A sufficient reason for refusing to give this instruction was there was no evidence to which it was applicable. The court gave the instruction by adding to it the words, "which in any way contribute to the injury complained of," thereby in effect telling the jury that the fact that at the time of the explosion a plug was missing would not warrant a finding against the defendant, if it appeared that the pipe from which the plug was missing had been changed by any one since it was laid.

The condition upon which the court made this instruction to operate was that there should be evidence that the pipe contributing to the injury had been tampered with since it was laid by defendant; if the instruction was to be given at all, it should have been so limited, as it was thus made applicable to such a change of the pipe as might affect the question before it. The appellant having tendered the instruction substantially as it was given, it is not in position to question it.

It is unnecessary to consider other reasons why appellant has no ground for complaining of the instruction.

Witness Green was asked if he could tell by looking at a pipe whether it would convey gas or not. Assuming that defendant's objection of immateriality should have been sustained, no possible prejudice resulted in allowing the witness to answer.

Witness Givens was asked if he was hired by appellant as a gas-fitter. The objection of appellant thereto was properly overruled, as it was an inquiry on cross-examination going to the witness's occupation.

Judgment affirmed.

*Affirmed.*

On rehearing.

*Per Curiam.*—The main point urged upon the rehearing is a reiteration of the contention, the insufficiency of the evidence to sustain the verdict. After a careful re-examination we are still of the opinion that the evidence was sufficient to justify submitting the case to the jury.

Original opinion adhered to. Judgment affirmed.

*Affirmed.*