## JOHN C. NEWBORG *vs.* CITY OF BOSTON.

Suffolk.    January 17, 1906. — March 2, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Negligence.    Municipal Corporations.*

In an action of tort against a city for alleged negligence in maintaining a sewer pipe so constructed as to back sewage upon and flood the premises of the plaintiff, there was evidence that about ten years before the injury complained of the defendant in putting in a sewer had constructed a drain pipe to aid in connecting the sewer with the property afterwards owned by the plaintiff, and that about eight years later the plaintiff built the connection between his house pipe and the pipe laid by the city. The plaintiff testified that he was an experienced drain layer and that in building the connection no cement was left in the pipe which he constructed, that for about a year and a half after the connection was established the drain worked well, and that when the obstruction of the drain and the consequent injury occurred it was found that the portion of the pipe which the city had constructed was blocked with several pieces of cement, one of which was five inches square. The plaintiff contended that there was evidence that the defendant negligently allowed the pieces of cement to get into the drain when it was constructed. *Held,* that the inference which the plaintiff sought to establish was mere conjecture, there being nothing to show how the pieces of cement got into the pipe, even if it was assumed that their presence in the pipe caused the sewage to back upon and flood the plaintiff's premises, and that a verdict properly was ordered for the defendant.

MORTON, J.    This is an action of tort for negligence in maintaining a sewer and drain in Spencer Street, in the defendant city, and thereby causing sewage to back into and flood premises belonging to the plaintiff. At the close of the evidence, the judge, at the defendant's request, ruled that there was no evidence to go to the jury, and instructed them to return a verdict for the defendant which was done. The case is here on exceptions by the plaintiff to this ruling and instruction. There are also exceptions relating to the exclusion of evidence.

The negligence complained of was in allowing a drain, built by the defendant to aid in connecting the estate now belonging to the plaintiff with the sewer, to be clogged up with pieces of cement. The drain was put in in 1894. The plaintiff's house was completed in October, 1902, and from that time until Feb-

ruary, 1904, the drain "worked all right." *    The plaintiff tes-
tified that he was an experienced drain layer, that he built the
connection between his house pipe and the drain, and that no
cement was left in the pipe which he constructed, the inference
which he sought to draw being that the pieces of cement, which
were taken out of the drain and caused the clogging up of the
drain, as he contended, must have been negligently allowed to
get into it when it was put in by the defendant.   If we assume
in favor of the plaintiff that the stopping of the drain was caused
by the pieces of cement, that they did not get into the pipe in
consequence of anything that he did or omitted to do in making
the connection, and that if they were carelessly allowed to get
into the drain when it was constructed the defendant would be
liable, it is still, it seems to us, a matter of conjecture as to how
they got into the drain.   The drain worked all right for nearly a
year and a half after the plaintiff's house was connected with it,
and while it is, of course, possible that the cement may have
been carelessly allowed to get into the drain when the city
built it, the inference is too conjectural, we think, to warrant a
verdict against the defendant.

We see no error in the exclusion of the evidence that was
offered.†   If there was no evidence that would warrant a finding
of negligence on the part of the defendant in constructing the
drain then it was immaterial whether certain persons had paid
for the use of the sewer in Spencer Street or not.   And for aught
that appears the joints in the drain pipes were made in this case

---

* "The evidence tended to show that, at the time of the alleged damages,
the six inch pipe which the city had built under the culvert was blocked in
that part that was under the culvert with several pieces of cement, one of
which was five inches square.   The work of clearing out the pipe after the
stoppage was done by the defendant after notice from the plaintiff."

† The evidence excluded was as follows:

1. The plaintiff offered to prove that the defendant had received from
certain persons on Spencer Street fees for the use of the sewer, and had
therefore received compensation for the use of the same.

2. The plaintiff offered to show that in the ordinary construction of
pipes like the six inch pipes, certain methods are adopted as the joints are
made, one after another, for the purpose of securing a free and open pipe,
not particularly here, but in every instance, and what the result of that sort
of work would be.   (This was offered for the purpose of arguing as to the
way in which the concrete came into the six inch pipes.)

as the plaintiff offered to show they were usually made. There was at any rate no offer to show that they were not. And in the absence of such an offer, testimony as to the methods of making joints in six inch drain pipes, which these were, for the purpose of securing a free and open pipe was irrelevant and immaterial.

*Exceptions overruled.*

*J. F. Cronin*, for the plaintiff.
*S. M. Child*, for the defendant.