MARY J. KELLY *vs.* INHABITANTS OF WINTHROP.

Suffolk.    November 10, 11, 1914. — December 29, 1914.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Municipal Corporations.   Waterworks.   Negligence,* Proximate cause.

A town which maintains a standpipe, that was built and is operated not only for protection against fire but also "to equalize the pressure in general for the domestic service" supplied by the town as a commercial enterprise for its own corporate benefit, is required in the maintenance and operation of the standpipe to use reasonable care to avoid injury to adjoining private property.

If a town maintains and operates a standpipe in part for the distribution of water as a corporate commercial enterprise, its liability for injury to adjoining private property by reason of negligence in the maintenance or operation of the standpipe is not affected by the fact that the water used in the standpipe is obtained from the metropolitan water system.

In an action against a town for damage to the plaintiff's property caused by the overflow of a standpipe maintained and operated by the defendant in part for the distribution of water as a corporate commercial enterprise, it appeared that before the time of the damage no overflow from the standpipe had occurred, that the overflow in question was due to the clogging of the regulating valve of the conduit of the metropolitan water system from which the defendant obtained the water that was used in the standpipe, that the defendant had no control over this valve, but that it had knowledge that if foreign substances floating in the water passed into the valve it would cease to work automatically and would leak, causing the standpipe to overflow, and that if an overflow pipe had been provided, as was feasible, the water would have been discharged on the defendant's own land and the plaintiff's property would not have been damaged. *Held,* that the jury were warranted in finding that the defendant reasonably ought to have anticipated and guarded against the condition that occurred, and that its failure to do so was negligence for the consequences of which it was liable to the plaintiff.

TORT against the town of Winthrop for damage to the plaintiff's property on Faun Bar Avenue caused by an overflow from a standpipe maintained by the defendant on the top of Cottage Hill in that town.   Writ dated January 16, 1913.

In the Superior Court the case was tried before *Sanderson, J.* The facts which could have been found upon the evidence are stated in the opinion.   At the close of the evidence the defendant asked the judge to make certain rulings, among which were the following:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. There is no sufficient evidence in the case to warrant a finding that the defendant or any one for whose acts and omissions it is responsible, was negligent, and, therefore, a verdict must be returned for the defendant."

"8. If there was any negligence in the maintenance or operation of the automatic regulators at the town line, it was not the negligence of the defendant, but that of the metropolitan water and sewerage board.

"9. There is no evidence to warrant a finding that the defendant ought to have foreseen the possibility of the automatic regulator of the metropolitan water and sewerage board failing to work properly and to have guarded against such danger."

The judge refused to make these and other rulings requested by the defendant and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $250. The defendant alleged exceptions.

*H. W. Orcutt*, for the defendant.

*W. A. Murray*, for the plaintiff.

BRALEY, J. The jury on the testimony of the defendant's engineer could find, that the standpipe whose overflow damaged the plaintiff's property had been built not only for protection from fire, but "to equalize the pressure in general for the domestic service." A further finding, that the defendant maintained the domestic service and sold the water would have been warranted from its answers to the interrogatories and the testimony of the plaintiff.* It is not material that the source of supply was the main conduits of the metropolitan water system with which the service pipes owned by the town had been connected under the provisions of the St. of 1895, c. 488, § 3, as amended by St. of 1898, c. 392, and St. of 1899, c. 349. The standpipe, even if used in a dual capacity, formed part of the water system, and the water on storage was the property of the defendant, subject to its sole management and control. It having voluntarily undertaken for its own corporate benefit a commercial enterprise, the defendant was required to use reasonable care in the maintenance and use of the

* The plaintiff testified "that she bought water from the defendant and paid for the same by payment other than real estate taxes."

standpipe to avoid injury to the contiguous estate of the plaintiff. *Bates* v. *Westborough,* 151 Mass. 174. *Dickinson* v. *Boston,* 188 Mass. 595, 599, and cases cited. *Farrigan* v. *Pevear,* 193 Mass. 147, 150, 151. See R. L. c. 32, §§ 38–48.

The evidence of the plaintiff's expert, whose qualifications were for the presiding judge to determine, is sufficient to show, that if an overflow pipe had been provided the water would have been discharged on the defendant's own land, and the jury could have found that this device was feasible and that if it had been used the plaintiff's property would not have been damaged. *Carroll* v. *Boston Elevated Railway,* 200 Mass. 527. *Glass* v. *Hazen Confectionery Co.* 211 Mass. 99.

The fact that previously no overflow had occurred cannot as matter of law exonerate the defendant. Its freedom from liability depended upon the discharge of its duty of exercising due care in the construction of the standpipe for the uses for which it was designed as well as in proper supervision after the water system had been put in operation. *Bates* v. *Westborough,* 151 Mass. 174, 182. *Hand* v. *Brookline,* 126 Mass. 324. It is doubtless true, as the defendant contends, that, if the regulation valve over which it had no control had not become clogged, the water level would have remained ten feet below the top of the standpipe. But it was unquestioned that if foreign substances floating in the water passed into the valve it would cease to work automatically and would leak, flooding the standpipe. The jury accordingly were warranted in finding that the defendant reasonably ought to have anticipated and guarded against this condition. *Cormo* v. *Boston Bridge Works,* 205 Mass. 366, 369. It could not under the circumstances store this body of water without at least using the care of an ordinarily prudent and careful man to prevent its escape to the land of the plaintiff.

The defendant's requests in so far as they were not covered by the instructions could not have been given, and, no error of law appearing, the exceptions must be overruled.

*So ordered.*