NICHOLAS FICOCIELLO *vs.* SPENCER GAS COMPANY.

Worcester.    September 26, 1927. — October 14, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, In use of gas.    *Actionable Tort.    Gas.*

At the trial of an action of tort against a gas company for the loss of trees
and the pollution of a well through the escape of gas from gas mains,
there was evidence tending to show that in 1920, 1921, and 1922 there
had been trouble with leakage of gas along the highway adjacent to the
plaintiff's premises; that trees which had been dead a long time on
account of gas were cut down in front of the plaintiff's premises in 1921;
that no provision ever had been made by either of two corporations,
one of them the defendant, together engaged in furnishing the gas, for
inspection of pipes except on complaint; and that the first visit of the
defendant's supervisor to the plaintiff's premises was on June 13, 1922.
*Held*, that a finding was warranted that, whichever of the corporations
was engaged in distributing gas through such pipe lines, it had not
exercised a proper degree of care in discovering and repairing leaks in
the pipes.

At the trial of the action above described, it appeared that some of the
damage was done before June 30, and some after.    There was evidence
that the defendant company furnished gas to consumers through mains
in the highway, which were owned by the other corporation until June 30,
when they were conveyed to the defendant; that complaints before
June 30 were made to the defendant and investigated by its employees;
that the defendant controlled the distribution of the gas and the amount
of pressure; that there was no change in the distribution of gas after
the bill of sale.    One, who was manager for both corporations, testified
that he had no records of complaints, inspections, repairs and leaks
covering the years in question, and that he did not know the terms of
the agreement between the two corporations with reference to a con-
tract for distribution of gas before June 30, if there was one.    *Held*,
that a finding was warranted that the defendant used the pipes to dis-
tribute gas to customers both before and after June 30, and was in such
control of them as to be liable for damages resulting from a failure to
exercise the degree of care required in the distribution of gas through
such agency.

TORT, for the loss of trees and the pollution of a well due
to gas poisoning.    Writ dated January 16, 1924.

In the Superior Court, the action was tried before *Irwin*, J.
One Durrell testified that "from 1909 to date" he was manager
for the defendant and for the Worcester County Gas Com-
pany; that the defendant manufactured gas and delivered

the same to pipes claimed to be owned by the Worcester County Gas Company and to the consumers of gas but not including the plaintiff, who was not a consumer, along the highway in part in front of the plaintiff's farm; that the gas was delivered to said pipes at the manufacturing plant of the defendant at Spencer by means of a meter and valve; and was delivered to the consumers, not including the plaintiff, by the same means; and "that the defendant has continued to deliver gas to said pipes and to the consumers not including the plaintiff, in this territory to" the date of the trial. On June 30, 1922, the defendant received a bill of sale of the said pipe lines which served the customers in this territory in accordance with a petition and decree of the department of public utilities of the Commonwealth.

The plaintiff demanded that the defendant produce a contract referred to whereby, as the defendant contended, prior to June 30, 1922, it sold its gas to said Worcester County Gas Company. The defendant did not produce it.

The manager also testified that the defendant since 1909 "distributed gas in East Brookfield and that he had supervision of the manufacture and distribution of its gas and that he presumed the defendant owned the main; that in 1921 he was employed by both the defendant and the Worcester County Gas Company; that his duties for both were the same as they are today; . . . that he did not know whether there was a contract between the defendant and the Worcester County Gas Company; that he had authority to shut down the manufacturing plant, and to shut down the distribution of gas from the plant, and to send men into the territory to shut off its valves; . . . that as a result of the bill of sale there was no change in the method of distributing the gas through the pipes; that the gas was manufactured in the same way and distributed in the same way after as before said bill of sale, excepting charged on the books in a different manner; that he does not know the terms of an arrangement between the defendant and the Worcester County Gas Company with reference to a contract for distribution, before said bill of sale, if there was one; that before said bill of sale reports from the territory including the plaintiff's property, of

leaks in the pipes were given to the defendant by the customers."

Other material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. The defendant then asked for the following rulings:

"2. If the pollution of the well and damage to the trees was caused by the negligent escape of gas prior to July 30, 1922, the plaintiff cannot recover."

"4. The fact that the evidence shows the escape of gas on two occasions, in October, 1922, and January, 1923, such escape is not evidence of negligence unless the defendant failed to repair said leak after notice.

"5. Unless the plaintiff shows that the well was polluted and the trees killed by gas from the pipes of the defendant, the plaintiff cannot recover."

There was a verdict for the plaintiff in the sum of $2,358, of which $1,532 represented damages which accrued before June 30, 1922, and $826 represented damages which accrued after June 30, 1922. The defendant alleged exceptions.

The case was submitted on briefs.

*W. P. Kelley & J. F. Bacon,* for the defendant.

*F. P. McKeon,* for the plaintiff.

PIERCE, J. This is an action of tort to recover damages for the loss by the plaintiff of shade trees and fruit trees, which the defendant admitted died of gas poisoning, and for the pollution of the plaintiff's well by reason of the escape of gas from pipes alleged to be owned or controlled by the defendant.

The evidence warranted findings that the plaintiff has been the owner of the land upon which the trees and well were located since 1913; that this land was situated on the southerly side of the main highway between Worcester and Springfield, which runs east and west through the East Brookfield flats; that prior to June 30, 1922, the Worcester County Gas Company owned the gas pipes laid in the highway three or four feet from the front line of the plaintiff's premises; that from 1909, until June 30, 1922, the defendant Spencer Gas Company manufactured gas at its plant and

delivered it for distribution by means of a meter and valve to and into the pipe lines owned by the Worcester County Gas Company; that in 1920, 1921, and 1922, there had been trouble with leakage of gas along the highway fronting and adjacent to the premises of the plaintiff; that trees were cut down in front of the plaintiff's property in 1921, by the department of public works for the Commonwealth; that all the trees were dead from gas poisoning before being taken down; that in April and July 1922, the odor of gas was noticed in the tree pits; that the trees, twenty-six in number, were dead from gas poisoning a long time before they were ordered removed by the department of public works.   There was further evidence that before June 30, 1922, reports from the territory, including the plaintiff's property, of leaks in the pipes were given to the defendant by the gas customers; that no provision had ever been made by the Worcester County Gas Company or by the defendant for the inspection of pipes, except upon complaint; that the first visit of the defendant's supervisor of the manufacture and distribution of its gas to the plaintiff's premises was on June 13, 1922; that the defendant had destroyed the records of complaints, inspections, repairs and leaks covering the years 1921 and 1922, and at the trial had no records of such which it was asked to produce by the plaintiff.

On these facts the jury would have been warranted in finding that whoever distributed gas to customers or others through the pipe lines owned by the Worcester County Gas Company had not exercised that degree of reasonable care in relation thereto which is required by law in dealing with the subject matter of its business, having thought to the force and danger of the gaseous substance, and considering the probable consequences which would be likely to result to persons or property if proper diligence was not used in inspecting leaking pipes or in repairing leaks after they had been discovered.   *Smith* v. *Boston Gas Light Co.* 129 Mass. 318.   *Salem* v. *Salem Gas Light Co.* 241 Mass. 438, 441, 442. At the trial there was undisputed evidence that the defendant acquired title to the pipe lines of the Worcester County Gas Company on June 30, 1922; that thereafter there was no

change in the method of distributing gas through the pipes, that is to say, the gas was manufactured in the same way and was distributed in the same way after as before the sale. The reported evidence strongly, though not conclusively, supports the position of the defendant that after June 30, 1922, the escape of gas from pipes adjacent to the property of the plaintiff was trivial and caused no harm in addition to the harm which had come to the property of the plaintiff before that date.

It is the contention of the defendant that a verdict should have been directed in its favor, because it was not the owner of the pipes and did not distribute gas through the pipes before June 30, 1922. The evidence reported, however, would warrant the jury in finding that the defendant and not the Worcester County Gas Company used the pipes to distribute gas to customers before June 30, 1922; and that as such user it was in control of the pipes under some arrangement with the Worcester County Gas Company, which, the jury could properly find, was, at the least, that of a lessee, from the not very clear testimony of the manager of the defendant when that testimony was considered in connection with the fact that it had destroyed evidence of complaints, inspections, repairs and leaks covering the years 1921 and 1922. Assuming that the jury found that the defendant itself was in control of the distribution of the gas manufactured by it while the gas was passing through the pipes owned by the Worcester County Gas Company to the customers of either corporation, it was bound to exercise the care which the law demands a distributor of gas shall observe, regardless of the title to the pipes which it made use of for that purpose. The motion for a directed verdict was denied rightly.

The remaining requests are predicated upon the assumption that the defendant was not guilty of actionable negligence in the distribution of gas through the pipes in the highway, if such distribution was before June 30, 1922; and they are sufficiently covered by what has been said in speaking to the motion for a directed verdict.

*Exceptions overruled.*