GEORGE GOLDMAN *vs.* CITY OF BOSTON.

Suffolk.    January 13, 1931. — January 28, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence,* Water pipe, Res ipsa loquitur.    *Evidence,* Presumptions and burden of proof.    *Municipal Corporations,* Waterworks, Liability in tort.

The doctrine of *res ipsa loquitur* was not applicable in an action of tort against a city by a landowner for damage to his property resulting from the breaking of a water main belonging to the city, on evidence merely that the pipe had been laid about thirty years previously; that the section of pipe broken was laid in good gravel soil; and that the pipe had broken about sixteen years before at another place one thousand feet distant where it was laid on a rock, "which would produce a break that would not occur in gravelly soil," there being no evidence as to the ordinary life of the pipe or of the frost levels in the vicinity.

The evidence above stated warranted neither an inference nor a finding that the defendant was negligent; and the plaintiff could not recover.

CONTRACT OR TORT.    Writ in the Municipal Court of the City of Boston dated March 26, 1928.

Material evidence at the trial in the Municipal Court is stated in the opinion.    The trial judge found for the plaintiff in the sum of $356.    Upon a report to the Appellate Division, judgment for the defendant was ordered to be entered.    The plaintiff appealed.

*E. Miller,* (*S. Miller* with him,) for the plaintiff.

*J. D. Rainey,* Assistant Corporation Counsel, for the defendant.

CARROLL, J.    The plaintiff seeks to recover for damage to his real estate caused in November, 1927, by the breaking of a water pipe belonging to the defendant.

The plaintiff testified that the cellar of his home was flooded by water coming from a water main.    There was evidence that in November, 1927, a break was discovered in the pipe, triangular in shape, three feet wide at the bell end of the pipe and "running from that width down

to nothing "; that the pipe was laid in 1898; that in 1911 a break occurred in the same section of the pipe, one thousand feet distant from the break of 1927; that the part of the pipe broken in 1911 was laid on a rock, "which would produce a break that would not occur in gravelly soil "; that the section of the pipe broken in 1927 was laid in good gravel soil; and that a pipe resting on a rock will break at the resting point.

The defendant asked for the ruling that there was no evidence of negligence. The trial judge refused this request and found for the plaintiff. In the Appellate Division judgment was entered for the defendant; the plaintiff appealed.

It was essential for the plaintiff to recover that some negligence on the part of the defendant should be shown in the laying of the water main or in its care and maintenance. Nothing appears to show the ordinary life of the pipe, or the frost levels in the vicinity. In fact there was no evidence of negligence. No inference indicating negligence of the defendant can be drawn from the break of 1911: that break, it could have been found, happened because the pipe rested on a rock. The soil where the break in question happened was gravel.

The doctrine of *res ipsa loquitur* is not applicable. The water main may have settled and cracked from other causes than the defendant's negligence in laying the pipe or in caring for it. The act itself is evidence of negligence " when the direct cause of the accident, and so much of the surrounding circumstances as was essential to its occurrence, were within the sole control and management of the defendants, or their servants, so that it is not unfair to attribute to them a prima facie responsibility for what happened." *Wing* v. *London General Omnibus Co.* [1909] 2 K. B. 652, 663, quoted in *Reardon* v. *Boston Elevated Railway,* 247 Mass. 124, 126. *Washburn* v. *R. F. Owens Co.* 252 Mass. 47, 54. *Scott* v. *London & St. Katherine Docks Co.* 3 H. & C. 596. In *Smith* v. *Boston Gas Light Co.* 129 Mass. 318, there was evidence that the pipes were not laid with sufficient care or made of proper material

to withstand the action of frost. See *Thompson* v. *Cambridge Gas Light Co.* 201 Mass. 77; *Bernier* v. *Pittsfield Coal Gas Co.* 257 Mass. 188.

The cases cited by the plaintiff are not in conflict. The order directing judgment for the defendant is

*Affirmed.*