JOSEPH J. BUONO *vs.* CITY OF BOSTON.

Suffolk.    January 17, 1935. — February 27, 1935.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Negligence*, In conduct of water department.    *Municipal Corporations*, Liability for tort.

At the trial of an action of tort against a city by the owner of a building therein, for damage caused by the presence of water in the plaintiff's cellar, there was evidence warranting findings that in fair weather clean water entered the plaintiff's cellar through or under the rear wall; that the defendant was promptly and repeatedly notified by the plaintiff of the condition of his cellar, but did nothing about it for approximately

a year; that then employees of the defendant found a break in a service pipe leading from a water main of the defendant located to the rear of the plaintiff's building, cut off the service pipe and capped it; and that thereupon the water ceased to flow into the plaintiff's cellar. *Held,* that a further finding was warranted that the defendant was negligent in not stopping the flow of water into the plaintiff's cellar sooner than it did, even if the break in the service pipe was on private land.

TORT. Writ in the Municipal Court of the City of Boston dated October 19, 1933.

The action was heard in the Municipal Court by *Putnam,* J. Material evidence is stated in the opinion. The judge found, among other things, that "the water which ran into the plaintiff's cellar came from a broken service pipe which ran from the main pipe in Greenough Lane into the site of" one of the houses which had been demolished; and that it was that service pipe which was cut off and capped in November, 1933. There was a finding for the plaintiff in the sum of $1,000. A report to the Appellate Division was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*W. F. Henneberry,* Assistant Corporation Counsel, for the defendant.

*F. A. Marcella,* for the plaintiff.

QUA, J. This is an action of tort to recover damages for alleged negligence of the defendant in so operating and maintaining its public water supply system as to flood the plaintiff's cellar with water. The judge found for the plaintiff. The only question presented by the report is whether there was any evidence to support a finding that damages to the plaintiff were caused by negligence of the defendant.

There was evidence from which the following facts could be found: The plaintiff was the owner of a forty-two-family apartment building on Hanover Street in Boston. Greenough Lane ran behind the plaintiff's building, and there was "a little alley" between it and the rear of the plaintiff's building. In 1932 five buildings "to the rear" of the plaintiff's building were torn down. In October of that year, while the last of the five buildings was being torn down, in fine weather, a foot of water came

into the plaintiff's cellar through or under the rear wall.
The plaintiff pumped the water out, but the next morning
there was again a foot of water in the cellar. The plain-
tiff at once went personally to the water department at
City Hall. He was sent from there to the sewer depart-
ment. Men from the sewer department came and "looked
in the cellar and around generally." There was no broken
pipe in the plaintiff's building. For over a year the plain-
tiff made frequent trips to City Hall. Men came from
City Hall several times and took away bottles full of the
water. It was clean water and not sewer water. One
witness testified that in November, 1933, the city sent
men to Greenough Lane where they found a broken water
pipe and replaced it, and the water stopped flowing. The
same witness on cross-examination testified that the only
thing he did in Greenough Lane was to shut off the water
from some vacant houses where lead pipe had been taken
away and that the service pipe from the main line into
the house was "O.K." outside the house, and on redirect
examination he testified that they dug up the service pipe
which leads from the main line into the house, cut it off
and capped it. There was other evidence that in Novem-
ber, 1933, the city sent men who dug six or seven holes in
Greenough Lane behind the plaintiff's building, and the
water stopped coming in, but that as late as "just before
Christmas," 1933, there were fourteen inches of solid ice
in the cellar. Other evidence more favorable to the de-
fendant need not be stated, as the judge was not obliged
to believe it. The judge took a view.

The reported evidence, as read from the printed page, is
not altogether clear in some respects, but if we assume that
the judge accepted it in the view most favorable to the
plaintiff, we think that he could arrive at the conclusion
that negligence of the defendant in not stopping the flow
of water earlier than it did caused damage to the plaintiff.
He could well find that in fair weather in October pure,
clean water came suddenly in large quantities into the
plaintiff's cellar from outside the building and from the
general direction of Greenough Lane, where the defendant

maintained its water main, that the defendant was promptly and repeatedly notified, but did nothing effective to remedy the trouble until after the lapse of a year, that finally when a proper effort was made, the leak was discovered near the plaintiff's building in the general location which the direction of the flow had indicated from the beginning, and that the trouble was then remedied immediately. We think it could have been inferred that the city's main in Greenough Lane was so far within the city's control that it could have removed the service pipe or taken other means to stop the water within a short time after it had knowledge of the flooding, just as it did a year later, and that this could have been inferred whether or not the precise point of escape was, as the defendant argues, on private land. See *Watson* v. *Needham,* 161 Mass. 404, 411; *Kelly* v. *Winthrop,* 219 Mass. 471; *Pearl* v. *Revere,* 219 Mass. 604; *Greaney* v. *Holyoke Water Power Co.* 174 Mass. 437. This case is distinguishable from *Newborg* v. *Boston,* 191 Mass. 70, and *Goldman* v. *Boston,* 274 Mass. 329. In neither of those cases was there any issue as to negligence in delaying to stop a leak after knowledge of it.

As we find no error in respect to the only issue raised by the appeal, the entry will be

*Order dismissing report affirmed.*