Nos. 2907 to 2914          Northern          Suffolk, ss.

LEGROW et al.
MOULTON et al.                              (Israelite & McLeod)
v. BOSTON CONSOLIDATED GAS CO.
                              (Badger, Pratt, Doyle & Badger)

From the District Court of Chelsea—Sartorelli, J.

Argued May 26, 1941—Opinion Filed July 8, 1941

PETTINGELL, J. (Jones, P.J., & Sullivan, J.)—These are eight cases coming to this division in a consolidated report, each case being an action for personal injuries following the escape of gas from a cracked main of the defendant. The main was located in a public highway, and the plaintiffs were all oc-cupants of a near-by house which the gas entered by way of the cellar after seeping through the ground. The trial judge found specifically that each of the plaintiffs was in the exercise of due care.

The defendant filed seven requests for rulings of which the trial judge allowed five and denied two, the first and third, which are as follows:

"1. That there is sufficient evidence to warrant a finding for the plaintiff.

"3. That there is sufficient evidence to warrant a finding that the defendant was negligent."

The fourth request, which was allowed, is as follows:

"4. That the fact that gas escaped was evidence of negli-gence on the part of the defendant, to be considered by the court, in its fact finding capacity, together with any other evi-dence in this case bearing upon the same subject."

There was a finding for the defendant in each case.

[ 70 ]

After the finding, each plaintiff filed a motion to correct the finding, setting forth that the trial judge had not "followed the plaintiff's Request #4, which had been allowed" and had "failed to apply to the evidence the law laid down by him" in Request 4; and that the general finding was inconsistent with plaintiff's Request 4.

The plaintiff's contention is, in effect, that having given Request 4, the state of the evidence required him to give, also, Requests 1 and 3. If, having given Request 4, the state of the evidence did not require him to give Requests 1 and 3, or if, for any other reason, there was no prejudicial error in denying Requests 1 and 3, the plaintiff's entire contention of an inconsistency between the granting of Request 4, and the denial of Requests 1 and 3, proves groundless.

The basic thought underlying the plaintiff's contention is the part to be played in determining the defendant's liability on the undisputed evidence that gas from a main owned by the defendant escaped through a crack in the main and injured the several plaintiffs. The plaintiff does not contend that the doctrine of *res ipsa loquitur* applies to these facts and that no other evidence of negligence is necessary. The law is definitely against such a contention. See *Smith* v. *Boston Gas Light Co.* 129 Mass. 318, at 320. *Carmody* v. *Boston Gas Light Co.* 162 Mass. 539, at 542. *Goldman* v. *Boston,* 274 Mass. 329.

It is clear from statements taken from the foregoing cases that, to establish liability, there must be evidence additional to the evidence that the gas came from a broken pipe maintained by the defendant. In *Smith* v. *Boston Gas Light Co.* 129 Mass. 318, the additional evidence was that "The pipes were not laid with sufficient care or made of proper material to withstand frost." *Goldman* v. *Boston,* 274 Mass. 329. In *Carmody* v. *Boston Gas Light Co.* 162 Mass. 539, the court said, at page 542:

"and if there are other circumstances bearing on the question, they must consider them all."

In *Goldman* v. *Boston,* 274 Mass. 329, at 330, the court said:

"It was essential for the plaintiff to recover that some negligence on the part of the defendant should be shown in the laying of the water pipe or in its care and maintenance."

The plaintiffs concede that they must show something more than the break in the pipe and the escape of the gas. They find such additional evidence in the near-zero temperature the night the gas escaped; the fact that the main was laid prior to 1907 and had never been inspected, not even in 1924, when the defendant had notice that the city was resurfacing the street and there was an unusual opportunity for inspection; the heavy travel of large trucks and other vehicles on the way in which the main was laid; the fact that the main was within the exclusive control of the defendant.

The plaintiff contends that the trial judge, in dealing with

this additional evidence, discarded it entirely, and found for the defendant, as matter of law, by ruling that the evidence was insufficient to warrant a finding for the plaintiff.

We think that the trial judge was right. The evidence of the temperature added nothing in the absence of further evidence to relate it to the other facts. The degree to which frost penetrates the ground under a solid paving of an unknown thickness is not a matter of common knowledge. As the trial judge pointed out, there was no evidence to show that the pipe was laid within the frost line. Nor did the evidence that the main had never been inspected add anything in the absence of further evidence that an inspection would have disclosed something to have put the defendant on its guard. The defendant is not responsible for a hidden defect that could not have been discovered on the most careful inspection. *Spicer* v. *South Boston Iron Co.* 138 Mass. 426, at 430. "A jury are· not at liberty to infer that a flaw could have been discovered from the mere fact that it existed. In the cases which have gone the farthest there has been some evidence that such inspection as reasonably might be required would have discovered the defect." *Harmois* v. *Cutting,* 174 Mass. 398. *Troy* v. *United States Cartridge Co.* 159 Mass. 313. *McPhail* v. *Boston & Maine Railroad,* 280 Mass. 113. *Sheridan* v.· *Boston & Maine Railroad,* 253 Mass. 446.

We have carefully considered the trial judge's "Findings of Fact and Rulings of Law" and are of the opinion that there was no prejudicial error in his denial of the plaintiff's first and third requested rulings.

By giving the plaintiff's fourth requested ruling, he ruled that the escape of gas was evidence of negligence to be considered with any other evidence in the case bearing on the defendant's negligence. Evidence of the escape of gas, without anything further, was not sufficient evidence to·establish negligence. The plaintiffs concede that much. The trial judge then went on to consider the "other evidence" offered by the plaintiffs. The fact that it was "evidence" is not enough, to have any effect; it must be evidence which has a bearing on the question of negligence. There was here no description of the appearance of the main when it was uncovered, nothing to show the presence of an old flaw in it, nor of any disintegration of it; no evidence of electrolysis (see *Koplan* v. *Boston Gas Light Co.* 177 Mass. 15). The trial judge was not shown the broken parts of the main (*Saxe* v. *Walworth Mfg. Co.* 191 Mass. 338), nor was any description of the appearance of the break given him. The trial judge found in the plaintiffs' "other evidence" nothing which added enough to the fact of the escape of gas "to show affirmatively that the defendant was negligent."

It is definitely apparent that the trial judge carefully weighed all the evidence to see if it amounted to enough to warrant the findings requested. Even if he were wrong in his rulings that the findings requested were not warranted, there

was no prejudicial error. On the doctrine of *Strong* v. *Haver-hill Electric Co.* 299 Mass. 455, at 456, his general finding for the defendant would stand. The evidence was conscientiously and competently considered, and when so considered, warranted a finding for the defendant. The findings made were based wholly upon the evidence, not upon any mistaken view of the law.

We are of opinion that there was no evidence to warrant a finding that the defendant was negligent or to warrant general findings for the plaintiffs. Neither was there any inconsistency between the denial of the first and third rulings and the giving of the fourth. It follows, then, that the motions to correct the findings and the motions for new trials were all properly denied.

No prejudicial error appearing, the consolidated report is to be dismissed, and judgment in each case is to be entered for the defendant.