Rollins, J.
These are six cases brought by a mother and five of her minor children, against the Boston Consolidated Gas Company, hereinafter called the Gas Co., for personal injuries caused by inhalation of illuminating gas and alleged to have been sustained by the plaintiffs on January 25, 1943 “by reason of the negligence, lack of due care and carelessness of the defendant, its agents, servants or employees in its car and upkeep of its gas mains situated in Edgemere Road, West Roxbury, Mass.”
*359 The evidence and the issues are the same in all cases.
All the defendants filed answers of “general denial”. All six cases were tried together.
At the trial it was agreed that on January 25, 1943 a six inch gas main of the defendant had a leak, as a result of which illuminating gas entered the house occupied by the plaintiffs.
There was evidence introduced by the plaintiffs tending to show the following facts:
The plaintiffs all lived in a one-family house at 38 Edge-mere Road, West Roxbury. On January 23, 1943 a peculiar sweet odor was noticed in the house, especially near the cellar door. A load of coal had been delivered that day and it was .thought the odor came from that. On the following day, January 24th, the same sweet smell was noticed many times, especially near the back door. That night the plaintiff Mrs. Dorothy Kelble, mother of the five minor plaintiffs, felt dizzy. At 11 P. M. she went to bed leaving some windows open.
At 5:30 A. M. on January 25, 1943 the smell in the cellar was still there. Beginning at about 6:45 A. M. on that morning the plaintiffs became ill. The police were called to the house. They opened the windows and notified the Gas Co., which sent its men at once. They dug a hole in the street and worked there all day. The hole was open for about a week. A doctor was called who treated all the plaintiffs, and, according to his medical report which was admitted in evidence without objection, all the plaintiffs were injured by, and suffered from, inhalation of illuminating gas.
The report of this case contains the following statements:
“At various times before the day of this accident some men were seen digging at divers other points not far from *360 the plaintiffs’ home on Edgemere Road accompanied by a truck reading ‘Boston Consolidated Cas Company.’ The Court inferred from all the testimony that these diggings were near the scene of the accident and that they had occurred within a short time prior to the accident.”
The defendant offered no evidence except medical testimony.
The defendant duly filed the two following requests for rulings:
1. The evidence does not warrant a finding that the defendant was negligent.
2. The doctrine of res ipso loquitur does not apply to the facts in this case.
The Court made the following finding on request number 1. “I find the defendant corporation was negligent.” It took no action on request number 2.
The Court found for the plaintiff in each of the six cases.
The defendant, claiming to be aggrieved by the action of the Court on its request number 1 and by the failure of the Court to act on request number 2, the case was reported to this Appellate Division.
In its brief (page 4), and in its oral argument, the defendant waived the second request for rulings and relied upon its first request only. We, therefore, consider only the first request.
The only question of law presented for our determination is whether or not there is any evidence which would warrant the special finding of the trial judge that the defendant Gras Company was negligent, and his general findings for the several plaintiffs.
The plaintiffs contend that these findings were warranted on the following two grounds:
*361 First. The mere fact that gas escaped from a pipe of the defendant is prima facie evidence of its negligence, and not having been rebutted, is sufficient to warrant the findings.
Second. Even if the escape of gas is not, alone and by itself, sufficient to warrant a finding of negligence, yet there was, in the instant case, other evidence of negligence, adequate to sustain the findings.
We will consider these contentions in the above order.
The first contention is based upon the authority of the case of Smith v. Boston Gas Light Co., 129 Mass. 318 and on what we believe was only a dictum in that case. On page 320 of that case it is. said, “The judge ruled at the trial ‘that there was evidence enough of want of proper care on the part of the defendant to make it responsible, on the ground that it was bound to conduct the gas in a proper manner; and that the fact that the gas escaped was prima facie evidence of some neglect on the part of the defendant.’ Taking the whole ruling, we cannot say it was wrong.”
On page 321 it is further stated “But beside this, there was in the case at bar some evidence that the pipes were not laid with sufficient care, or made of proper material with reference to the action of the frost, and were, therefore, more liable to break in the winter time, when this accident occurred. ’ ’
Our Supreme Court evidently considers that the statement in the Smith ease that “the fact that gas escaped was prima facie evidence of some neglect” is merely dictum. Goldman vs. City of Boston, 274 Mass. 329, 331, 332.
We feel that there is no authority which compels us to accept the plaintiffs’ first contention and we further feel that fairness and justice oblige us to deny it.
Gas Companies are not absolutely liable for the escape of gas without regard to the question of negligence or *362 bound at their peril not to permit the escape of gas. See Smith v. Boston Gas Light Co., 129 Mass. 318, at page 320.
Such Companies are bound to exercise care in the location, construction, repair and maintenance of the mains and pipes used to conduct gas, and the degree of such care is commensurate with the dangerous character of the gas it conducts. Smith v. Boston Gas Light Co., 129 Mass. 318. Finnegan v. Fall River Gas Works Co., 159 Mass. 311, 312. American Law Inst. Restatement Torts, § 293 (c).
But to hold that the mere escape of gas from a pipe or main laid in a public way is without more, prima facie evidence of negligence of the Cas Co. is unfair and unjust. It is true that the Cas Companies have exclusive control of the pipes so laid in the streets, but it is also true that they have no control of the streets themselves, either of the surface or of the ground beneath. They cannot control or prevent the passing of extra heavy vehicles such as steam rollers or steam shovels over the surface or the digging for or bursting of water or sewer pipes beneath the surface, and perhaps in close proximity to the gas mains.
We believe the law to be that in order to prevail the plaintiff must prove some negligence beyond the mere existence of a leak.
The plaintiffs ’ second contention that there was evidence of negligence other than the mere existence of the leak is evidently based upon that part of the Report relating to diggings in Edgemere Road prior to the time gas was noticed in the plaintiff’s house. The Court found that at various times before the accident men were seen digging in the street not far from the plaintiff’s house and inferred that the digging’s occurred within a short time prior to the *363 accident. These men were accompanied by a truck reading, “Boston Consolidated Gas Co.”
Even if we presume that the inference that the diggings occurred a short time prior to the accident, was equivalent to a finding to that effect, and that the presence of the truck with the defendant’s name on it was sufficient proof of the fact that the men digging were the defendant’s employees engaged on the defendant’s business, yet all this evidence falls short of proving any negligence on the part of the defendant.
If this evidence has any value at all it is because it tends to show that thé defendant had, or ought to have had, prior knowledge of the leak that caused the injury to the plaintiffs and failed to repair it effectually. But the evidence does not prove this.
The record does not disclose how many gas pipes the defendant maintained on this street. The diggings may have been in connection with another gas pipe or may have been to install a connection between this gas main, or another main, with a private residence. The leak may have been caused by bursting of underground water or sewer pipes of which the defendant had, or could have had, no knowledge.
It is true that the defendant knew the exact time, location and purpose of these prior diggings and that the plaintiffs did not.
Furthermore the defendant apparently deliberately refrained from offering any evidence to enlighten the trial judge oil this matter.
But it is also true that a defendant cannot be condemned for failure to rebut evidence when there is no pertinent evidence to rebut and its failure to offer testimony under these circumstances is no basis for drawing an inference *364 against it. Bishop v. Pastorelli, 240 Mass. 104, 107. Porcino v. DeStefano, 243 Mass. 398, 401. Hinds v. Bowen, 268 Mass. 55, 59.
It follows that the denial of the defendant’s request was prejudicial error.
We do not feel that justice required us to order findings for the defendant in these cases.
The findings for the plaintiffs in all the cases are vacated and new trials ordered in all cases.