Banks, J.
This is an action brought by plaintiff Coolidge Bank and Trust Company (hereinafter “Coolidge”) against the City of Cambridge for water damage suffered by Coolidge when a building occupied by it was flooded as the result of a broken water main in the street abutting the premises. The City of Cambridge joined New England Telephone & Telegraph Company (hereinafter Telephone Company) as a third party defendant which in turn joined American Employers Insurance Company as fourth party defendant. All defendants denied liability, and Cambridge additionally pleaded municipal immunity.
The evidence advanced by Coolidge was that the damages occurred on February 3, *170 1977 as a result of a break in a water main on Third Street in Cambridge abutting banking offices occupied by plaintiff as a lessee in the Badger Building at Kendall Square, Cambridge.
The plaintiff introduced evidence through interrogatories in which the City of Cambridge answered that the cement conduits were negligently installed by the Telephone Company in that the conduits did not allow for contraction and expansion; that the proper space between the conduit and the water main was lacking; and that the cement sections impeded prompt repair of the main. In further answers, the defendant, City of Cambridge, said that the pipes were originally installed in 1867; were last inspected, cleaned and lined in 1966; and that there were no plans for replacement of the pipes.
No defendant offered any evidence.
The trial court found that the City of Cambridge in supplying water at a price was not performing a govemmenal function but was engaging in trade, and hence could be liable for its negligence in laying the pipes and keeping them in repair. Harvard Furniture Co. v. Cambridge, 320 Mass. 227, 229 (1946); A. DaPrato Co. v. Boston, 334 Mass. 186, 188 (1956). The court found for the defendant. Plaintiffs claim of appeals rests upon the denial of each of its three requests for rulings of law which were as follows:
1. As a matter of law, on all of the evidence, the Court must find for the plaintiff and against the defendant, City of Cambridge.
2. As a matter of law, where the 12” water main running from Main Street to Cambridge Street to Third Street broke causing property damage to the Plaintiff and where the said water main also was in control of the defendant,
City of Cambridge, then the City of Cambrige is negligent under the Doctrine of Res Ipsa Loquitur for damages suffered by the plaintiff.
3. As a matter of law, where the 12” water main was installed 100 years prior to the date of the accident without any plan for replacement, the defendant, . City of Cambridge, is negligent and in breach of its duty of care when the said 12” water main breaks causing damage to the plaintff. ■
There was no error.
The doctrine of res ipsa loquitur is not applicable in this case as any number of causes other then the defendat City’s negligence in laying and maintaining the pipe in question may have caused the break. Goldman v. Boston, 274 Mass. 329, 330 (1931). In the Goldman case, where a break in a main was totally unexplained, the Court specifically stated: “ it was essential for the plaintiff to recover that some of the negligence on the part of the defendant should be shown in the laying of the water main or in its care and maintenance.” Goldman v. Boston, supra at 330.
As to the defendant, City of Cambridge, there was no showing whatsoever of any negligence. The mere showing that the pipes had been in the ground for a measurable period of time falls short of grounds for a finding ofnegligence on the part of the City of Cambridge. A. DaPrato Co. v. Boston, supra at 188; Mussolino LaConte Co. v. Boston Consolidated Gas Co., 330 Mass. 161, 164 (1953).
The only evidence of any negligence in this case adduced by plaintiff is that of the answer to an interrogatory in which the defendant, City of Cambridge, alleged negligence on the part of the Telephone Company. This evidence, if believed, is exculpatory of the City; and no alternative theory is here pleaded, alleged or shown that the City had failed in a possible duty to inspect other conduits in proximity to its water mains.
The plaintiff has shown no negligence on the part of the City of Cambridge, and may not recover under the doctrine of Res Ipsa Loquitur. The trial court’s decision is accordingly AFFIRMED. Report dismissed.