AUGUST GERARD & another *vs.* CITY OF BOSTON.

Suffolk.    December 8, 1937. — February 28, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, QUA, & COX, JJ.

*Negligence,* Water pipe.    *Municipal Corporations,* Waterworks.

Evidence merely that there was, to the knowledge of a city, some seepage of water into property adjacent to an old water main of the city shortly before the main burst from an undetermined cause did not warrant a finding that the bursting was through negligence of the city.

TORT. Writ in the Superior Court dated January 16, 1934.

The case was tried before *Donahue,* J., and in this court was submitted on briefs.

*A. E. Lamb,* for the plaintiffs.

*H. E. Foley,* Corporation Counsel, & *I. H. Fox,* Assistant Corporation Counsel, for the defendant.

LUMMUS, J. The basement occupied by the plaintiffs on Pearl Street in Boston, a few feet from the corner of High Street, was flooded on December 11, 1933, and their stock of goods was damaged, because of the bursting of the water main of the defendant at the intersection of those streets. At the close of the plaintiffs' evidence, the judge

directed a verdict for the defendant, subject to the plaintiffs' exception. The only question is, whether there was evidence of negligence of the defendant. There was evidence tending to show the following facts.

The water main was a twelve-inch "high service" pipe, laid in 1896. Between November 20 and November 30, 1933, the proprietor of the adjoining restaurant, between the plaintiffs' premises and High Street, noticed a seepage of water in his basement wall under the sidewalk nearest the place where the break in the main later took place. At once he notified the water department of the defendant of the fact, and was told that "they would take care of it." The next day he noticed that the street was dug up outside the restaurant. The seepage lessened, but some dampness continued on the wall, however, until the break. The rest of the basement was dry. No one, so far as appears, made any further complaint to the defendant. The place where the street was dug up was about three feet by seven feet, next to the curbing. It was filled up before the break. The break occurred in a different place, near the middle of the street.

We think that there was no evidence of negligence. The cause of the break is unknown. No negligence in laying the pipe or in maintaining it appears. There is no evidence that a pipe as old as this one was may not safely be used. The slight seepage which was noticed in the basement might have come from a variety of sources, some of which might not have been in the control of the defendant, and did not indicate a defect in the main. We think that due care did not require the defendant to expose and examine all the pipes at the intersection of the streets named. *Goldman* v. *Boston,* 274 Mass. 329. The case of *Buono* v. *Boston,* 290 Mass. 59, was much stronger for the plaintiff.

*Exceptions overruled.*