# SOUTHERN COACH LINES, Inc. v. WILSON.—214 S. W. (2d) 55.

Middle Section.   May 1, 1948.

Petition for Certiorari denied by Supreme Court, October 16, 1948.

Armistead, Waller, Davis & Lansden and Z. Thomas Osborne, Jr., all of Nashville, for Southern Coach Lines, Inc.

K. Harlan Dodson, Jr. and Walker & Hooker, all of Nashville, for Miss Irene Wilson.

FELTS, J. Plaintiff below, Miss Irene Wilson, obtained a verdict and judgment for $2,275 for personal injuries caused by negligence of defendant in throwing her to the ground while she was alighting from one of its busses. Defendant appealed in error.

She was taken from the scene of the accident by defendant's employees to the office of its doctor. He found she had a badly sprained ankle. Next day she called her doctor and he found her suffering with a severe sprain

of the left ankle and foot. It was badly swollen, discolored, and giving her a good deal of pain. It appears a sprained ankle usually heals in two to six weeks, but where there is a tearing of the ligaments it may be worse than a fracture and takes longer to recover. Such was the case of the plaintiff.

The accident occurred July 3, 1946. For five weeks she stayed in bed and for about six months she "just sat around," unable to bear her weight on her foot. She got able to walk again in December, 1946, and went to work as a waitress in a restaurant. But this required her to be on her feet very much, she was overweight, and the ankle soon became so swollen and painful that she had to quit this work. Her trouble persisted and she was still suffering from it at the time of the trial. This was shown both by her doctor and defendant's doctor. The latter examined the ankle before the jury and found it enlarged and still swollen.

When she found she could not work as a waitress, her doctor advised her to get some occupation where she would not have to be on her feet. But she had had no training or experience to qualify her for any such occupation, and had never done any work except as a waitress in restaurants. She had been part owner in a small restaurant for a short while prior to September, 1945, but had been unemployed from that time till the accident.

On the question of her damages, her counsel offered to prove the profits she had made in the operation of the restaurant. Defendant's counsel objected to that, the judge excluded it, and there was considerable argument whether she could recover for loss or decrease of her earning capacity. The judge ruled that she could, and allowed her, over defendant's objection, to testify that the current wages of waitresses in restaurants were $20

to $30 per week and that she could earn like wages if able to work as a waitress. The judge stated: "I am allowing that, not on the basis of loss of time, but on the basis of decreased capacity for earning money in the future."

Defendant assigns the admission of this testimony as error. It assigned some other errors but this is the only one it refers to or relies on in its brief or argument. It says: "The sole question for determination on this appeal is whether it is proper for the trial Court, in the absence of proof of a permanent injury, to admit testimony of decreased earning capacity."

Its argument may be summed up thus: If plaintiff had been working and had lost any time or wages because of her injury, she might have recovered for her loss of time or wages. But she cannot recover for decrease of her earning capacity, because her injury was not permanent. Damages for decrease of earning capacity can be allowed only where the disabling injury is permanent; where it is only temporary damages are allowed not for decrease of earning capacity but only for the time or earnings lost during the period of incapacity. Therefore it was improper to admit this testimony.

■■ We cannot accept this argument. Plaintiff had the right to recover compensation from defendant for all the harm its negligence caused her, including the harm to her earning capacity, whether permanent or temporary. One of the elements of her damages was her loss in her earning capacity, measured by the value of that part of it of which she was deprived. The principle is the same whether the deprivation be permanent or only temporary. It is not loss of time or earnings, but loss of the power to earn, that constitutes this element of damages. Doherty v. Ruiz, 302 Mass. 145, 146, 18 N. E. (2d) 542, 543; Roper v. Memphis St. Ry. Co., 136 Tenn. 23, 27, 188

S. W. 588; Davis-Mize Co., Inc., v. Weller, 13 Tenn. App. 246, 250; Wilcox v. Sway, 69 Cal. App. (2d) 560, 160 P. (2d) 154; Restatement, Torts, secs. 906 (Comment c) and 924 (Comment c); Developments in the law—Damages— 1935-1947, 61 Harvard Law Review 113, 163-165.

█ It is true this distinction is often not observed. Indeed, it is of no practical importance in some cases. For instance, in a case where the plaintiff was earning and, if he had not been injured, would have continued to earn at the same rate during the period of his incapacity, his loss in earnings furnishes practically an accurate measure of his loss in earning capacity. But in other cases the distinction is vital and failure to observe it would lead to an unjust result.

This is true in a number of cases where recovery is allowed for loss of earning capacity though there has been no loss of earnings; as where plaintiff's employer gratuitously paid his wages during his incapacity (Railroad Co. v. Porter, 117 Tenn. 13, 94 S. W. 666); where he is receiving greater wages than before his injury (Central Mfg. Co. v. Cotton, 108 Tenn. 63, 66, 65 S. W. 403; Adamant Stone & Roofing Co. v. Vaughn, 7 Tenn. App. 170, 181; Ostertag v. Bethlehem Shipbuilding Corp., 65 Cal. App. (2d) 795, 151 P. (2d) 647); or where he was not working and would not have worked during the period of his incapacity. Doherty v. Ruiz, supra; McIver v. Gloria, 140 Tex. 566, 169 S. W. (2d) 710; Mississippi Cent. R. Co. v. Smith, 176 Miss. 306, 168 So. 604; Restatement, Torts, secs. 906 (Comment c) and 924 (Comment c).

██ So though plaintiff was not working, it was proper to prove her loss of earning capacity as part of her damages. It would have been proved by opinion evidence as to the value of her earning capacity (Davis-Mize Co., Inc., v. Weller, supra, 13 Tenn. App. 248), and it was

proper to prove it by evidence of the wages of other persons of like vocation and earning capacity of that of plaintiff. Wilcox v. Sway, supra, 160 P. (2d) 160.

■ While this evidence was admitted by the trial judge only as to future loss of earning power it was equally admissible to show the loss that had already occurred. It is true, as said for defendant, that neither doctor attempted to estimate the probable duration of plaintiff's injury. But from the evidence of its course in the past it was reasonable to infer that it would probably continue for an appreciable time in the future. But even if it were error to admit this evidence as to the future, it does not affirmatively appear to have affected the result and is no ground for reversal. Code section 10654; Thomason v. Trentham, 178 Tenn. 37, 154 S. W. (2d) 792, 138 A. L. R. 461; Tennessee Cent. Ry. Co. v. Umenstetter, 155 Tenn. 235, 291 S. W. 452; Carney and Mai v. Cook, 158 Tenn. 333, 13 S. W. (2d) 322.

All of the assignments of error are overruled and the judgment of the circuit court is affirmed. The costs of the appeal in error are adjudged against defendant and the surety on its appeal bond.

Howell and Hickerson, JJ., concur.