## A. DaPrato Company *vs*. City of Boston.

Suffolk. April 2, 1956. — May 11, 1956.

Present: QUA, C.J., WILKINS, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Municipal Corporations*, Liability for tort, Waterworks. *Negligence*, Water pipe. *Damages*, For tort, Nominal. *Practice, Civil*, Ordering verdict. *Actionable Tort*.

Evidence that an acting foreman on constant call in the water department of a city furnishing water commercially learned of a break in a water main in a street about 7 P.M. on a Saturday and upon investigation found water covering the street, but, being unable to gain entrance to a building opposite the break, did nothing further until he gained access to the building more than fifteen hours later and then caused the water in the main to be shut off warranted a finding that in delaying shutting off the water he was negligent toward the owner of property damaged by water flowing into the basement of the building. [188]

In an action against a city for damage to plaster of Paris statuary and molds stored in a basement flooded by water from a break in a water main of the city in the adjacent street, the amount of damage attributable to negligence of the city in delaying shutting off the water in the main for more than fifteen hours after an employee responsible for its repair first learned of the break was conjectural where it appeared that six hours before he learned of it water from the break had covered the street to a depth of four inches. [188-189]

A plaintiff in an action based on negligence cannot recover nominal damages. [189]

There was no error in directing a verdict for the defendant in an action based on negligence where, although there was evidence of negligence, the amount of damage sustained by the plaintiff therefrom was left conjectural. [189]

TORT. Writ in the Superior Court dated April 20, 1948. The action was tried before *O'Brien*, J.

*Harry J. Williams*, (*Patrick J. Murphy* with him,) for the plaintiff.

*Joseph Graglia*, Assistant Corporation Counsel, for the defendant.

WILLIAMS, J.   This is an action to recover for damage to property caused by the negligence of the city "in the construction, maintenance, inspection and repair" of its water system.   The plaintiff occupied the basement of premises at 33–35 South Eden Street in the Charlestown district for the storage of plaster of Paris statuary and molds used in its manufacture.   The rear of the building abutted on Tibbett's Town Way, a street eighty-five to ninety feet in length and paved with cobblestones.   Running lengthwise in the street at a depth of about six feet was a six inch cast iron low service water main with "shut-off" at each end of the street.   The main had been laid in 1892.

There was evidence that at about 1 P.M. on Saturday, February 7, 1948, a police officer of the city observed evidence of a leak in the main opposite the rear of the plaintiff's premises.   Water covered the roadway from curb to curb to a depth of four inches but did not extend as high as the tops of the curbs.   The officer telephoned his police station and the clerk on duty there telephoned to the Charlestown yard of the water department on Rutherford Avenue.   An unidentified person answered the call and said, "Nobody here, but we'll take care of it."   It appeared that the yard was not then open so far as the water department was concerned but was being used by other departments of the city.   Records of the water department disclosed that one Mickiewicz, now deceased, who at the time was acting foreman of the Charlestown yard, learned of the break when he went home at 7 P.M. on the same night.   He investigated and found water coming up on the roadway of Tibbett's Town Way.   He was unable to gain entrance to the plaintiff's building and at that time did nothing further.   His duties required him to be on call twenty-four hours a day, seven days a week, and emergency crews were available at the Albany Street yard of the department whose duty it was to investigate leaks and complaints and to control the flow of water.   On the following morning Mickiewicz located one DaPrato, then vice-president of the plaintiff company who lived in Belmont, and with him entered the building at

some time after 10 A.M. There was three feet of water in the basement. Emergency service was called and the main was shut off at 11:45 A.M. Excavation of the street showed that there was a "circumferential" crack in the main extending all around the pipe. It was repaired by attaching a sleeve to the pipe. When the main was shut off, the water in the basement receded. Following the introduction of evidence as to the cost of repairing the damage to the statuary and the molds, the judge directed a verdict for the defendant and the plaintiff excepted.

A municipality in supplying water at a price is not performing a governmental function but is engaging in trade and is liable for its negligence in laying the pipes and keeping them in repair. *Harvard Furniture Co. Inc.* v. *Cambridge*, 320 Mass. 227, 228–229, and cases cited. There was no evidence here that the pipe in question was not properly laid or that it was of a kind which after the length of time it had been in the street could not safely be used. It may be considered settled that reasonable care on the part of the city did not require the periodical digging up of the street for purposes of inspection. *Goldman* v. *Boston*, 274 Mass. 329. *Gerard* v. *Boston*, 299 Mass. 488, 489. *Musolino LoConte Co.* v. *Boston Consolidated Gas Co.* 330 Mass. 161, 163–164. The only ground on which the plaintiff could recover was negligent delay by the city in shutting off the water after receiving notice of the leak in the main. See *Cole Drug Co. of Massachusetts* v. *Boston*, 326 Mass. 199. There was no evidence that anyone having a duty relating to its repair had knowledge of its existence until the foreman of the department learned of it at 7 P.M. on Saturday. Although it did not appear that when he visited the street on Saturday the water on the street had overflowed the curbs, it could be found that the likelihood of water escaping into the building was such that reasonable care on his part required the immediate shutting off of the water in the main and that it was negligent to delay doing so until after access to the building was gained some fifteen hours later.

There was no evidence, however, from which a jury could

find the amount of damage caused to the plaintiff's property by the delay. When DaPrato entered the building sometime after ten o'clock on Sunday morning and saw water in the basement he "heard the sound of rushing of water coming from Tibbett's Town Way." It did not appear in what manner and in what volume it was coming into the basement. Without further facts a jury could only conjecture as to the amount of the total damage which was attributable to the defendant's negligence.

In a case of negligence there is no such invasion of rights that a plaintiff is entitled to nominal damages. *Sullivan* v. *Old Colony Street Railway*, 200 Mass. 303, 307–308. *Daniels* v. *Celeste*, 303 Mass. 148, 152. *Perry* v. *Hanover*, 314 Mass. 167, 172. *Dermody* v. *Utley*, 328 Mass. 209, 212. It follows that there was no error in directing a verdict for the defendant.

*Exceptions overruled.*