**Josephine SHELTON, Plaintiff-Appellant,**

**v.**

**John S. MILAM, Jr., Defendant-Appellee.**

Court of Appeals of Tennessee,
Middle Section.

Dec. 1, 1972.

Certiorari Denied by Supreme Court
March 19, 1973.

Dennis L. Tomlin, Nashville, for plaintiff-appellant.

Douglas Fisher, Howell & Fisher, Nashville, for defendant-appellee.

OPINION

SHRIVER, Judge.

This is an appeal from a jury verdict and judgment for plaintiff in the amount of One Dollar ($1.00) in a case growing out of an automobile accident wherein defendant's car struck the rear end of plaintiff's car which had stopped at the intersection of 21st Avenue South and Blair Boulevard in Nashville, when the traffic light turned from green to red.

There is very little dispute about the facts of the case insofar as the automobile collision is concerned, and, in any event, that question was decided by the jury when it found in favor of the plaintiff and fixed her damages at One Dollar ($1.00).

The declaration avers and the evidence shows that on the 13th of December, 1968, plaintiff was driving her automobile southwardly on 21st Avenue in Nashville and that, when she reached the intersection of Blair Boulevard and brought her car to a stop in response to a traffic signal light as it changed from green to red, the defendant negligently drove his automobile into the rear end of plaintiff's car. It is alleged that, as a direct and proximate result of that negligence on the part of the defendant, plaintiff sustained an aggravation of a pre-existing arthritic condition of her cervical spine, resulting in pain and suffering on her part and permanent injury to her neck and spine. She sues for $10,000.00 damages for personal injuries and property damages.

The defendant filed a general issue plea of not guilty.

It is insisted by plaintiff that she proved that her automobile sustained damage in the amount of $100.00 and that she incurred medical expenses in the amount of $140.00, and that she sustained a 5% permanent partial disability to her body and endured much pain and suffering, all as a direct and proximate result of defendant's negligence as aforesaid.

As hereinabove stated, the jury brought in a verdict of One Dollar ($1.00), and the Trial Judge approved that verdict and overruled plaintiff's motion for a new trial.

## ASSIGNMENTS OF ERROR

There are seven assignments of error which it will not be necessary to set out seriatim herein.

The first assignment is that there is no evidence to support the verdict and Assignment No. 2 is that the verdict of the jury is grossly inadequate.

It is argued by counsel for defendant that there were certain discrepancies in the testimony of the plaintiff from which the jury, with propriety, may have decided that her testimony was not worthy of belief, and that the jury was, therefore, justified in refusing to give any credence to her testimony with respect to her injuries and the resulting damage, hence, the verdict and judgment for One Dollar ($1.00) should be affirmed.

Counsel for defendant also stresses the fact that plaintiff did not lose any time from her work as a result of the accident and, since it was shown that she earned as much after the accident as she did before, she would not be entitled to any damages or compensation for the alleged 5% disability which her doctor said she sustained.

On the other hand, counsel for plaintiff argues that the "Collateral Source Rule" is supported by the clear weight of authority in Tennessee and that this rule bars a tortfeasor from reducing his damages by showing that the accident victim's economic losses were, in fact, mitigated by continued salary payments, or by pension and welfare benefits, or by proceeds of plaintiff's own hospitalization and accident insurance, or by tax advantages accruing from the substitution of tax-free funds for taxable salary, etc.

Dixie Feed & Seed Co. v. Byrd, 52 Tenn. App. 619, 376 S.W.2d 745, sets out the Collateral Source Rule as it pertains to the measure of damages for loss of earning capacity in the following language:

"In resolving this question it is important to keep in mind that in an action to recover for personal injuries it is not the loss of time or earnings that the wrongdoer must pay for but loss of ability to earn that constitutes an element of damages."

Again, in Southern Coach Lines, Inc. v. Wilson, 31 Tenn.App. 240, 214 S.W.2d 55, the proposition is discussed and the rule announced.

Also see Railroad Co. v. Porter, 117 Tenn. 13, 94 S.W. 666, where it was said that the test of loss of future earnings is not whether the injured person earns more after an accident than before, but whether his capacity to earn in the line of work that is available to him has been decreased, and that there may be impairment of earning capacity without actual loss of wages.

In this case we are impressed that the jury ignored uncontroverted evidence that the plaintiff suffered certain financial loss directly attributable to the accident, regardless of what the jury may have thought or decided about the alleged injury to her neck and spine and the consequent pain and suffering about which she testified.

Plaintiff testified, without objection, that on the morning following the accident of the afternoon before, she went to the offices of Doctors Mayes and Olsen who examined her, caused her to have x-rays made of her neck and spine, and prescribed

medication for her. She also testified that she consulted Dr. Joseph W. Alford after the accident, and testified as to his examination of her. She was also treated by Dr. Dewey Thomas who testified and exhibited x-rays and notations about his treatment, etc.

The plaintiff testified that the bill of Doctors Mayes and Olsen for this examination, etc., was $30.00, which she paid; the bill of Dr. Alford was $20.00, which she paid; and that the bill of Doctors Thomas and Lipscomb was $90.00, which she paid, all as a result of this accident.

This testimony cannot be ignored. The record shows that, after testifying about the above doctors' and x-ray bills, this occurred:

"Q. Is this the bill you received from Dr. Alford?

MR. FISHER: If the Court please, that's redundant at this point. I have let her testify to the amount without objection."

After an exchange between the Court and counsel, the Court stated as follows:

"THE COURT: The objection is to the bill except insofar as the amount is involved and there is no objection to that, ladies and gentlemen of the jury. The bill is in the amount of $90—$20, isn't it?

MR. TOMLIN: Right."

We are impressed that the testimony of the doctors in this case is such that it cannot be ignored in considering the inadequacy of the verdict for One Dollar. We think it significant, for example, that Dr. Dewey Thomas testified as follows:

"Q. Do you have an opinion based on reasonable medical certainty as to what caused this neck discomfort?

A. Yes, I feel that she had an aggravation of her already present arthritic condition in her neck and that this arthritic condition was ag-

gravated by the accident which she was involved in on or about December 13, 1968.

.    .    .    .    .    .

Q. Doctor, do you have an opinion based on reasonable medical certainty as to whether or not your examination that you performed on Miss Josephine Shelton on the occasions that you have previously described revealed any objective findings?

A. Yes, Miss Shelton did have some spasm or tightness of the muscles of her neck. This you can tell by palpitation or feeling the neck."

In Kent v. Freeman et al., 48 Tenn.App. 218, 345 S.W.2d 252, this Court considered and discussed at some length the inadequacy of an award of damages of $1,000.00 to a practical nurse for neck and spine injuries requiring traction and resulting in hospital and doctors' bills amounting to over $400.00. In that case this Court held that where on appeal a charge is made as to the excessiveness or inadequacy of the verdict, the Appellate Courts will weigh the evidence, not merely to determine bare preponderance, but to determine whether evidence so greatly preponderates against the amount found as to show passion, prejudice or unaccountable caprice.

In Kent v. Freeman, supra, the Court cited with approval Board of Mayor and Alderman of Covington v. Moore, 33 Tenn. App. 561, 232 S.W.2d 410, where it was held, as hereinabove stated, that where the complaint relates to the question of liability or no liability, the Appellate Courts will not weigh the evidence, but where the complaint relates to the amount of the verdict, the Courts will weigh the evidence to determine whether it so greatly preponderates against the amount found as to show passion, prejudice or unaccountable caprice. Also see Flexer v. Crawley, 37 Tenn.App. 639, 269 S.W.2d 598.

In the case at bar the evidence weighs heavily against the verdict and judgment below.

As in Kent v. Freeman, supra, we are convinced that justice has not been reached in this case and that the verdict is capricious in view of the unchallenged testimony of certain losses suffered by the plaintiff for which she should be compensated in addition to the weight of the evidence in favor of plaintiff.

In view of the fact that the jury has found favorably to the plaintiff on the question of liability, the verdict and judgment herein is reversed and the case is remanded to the Trial Court for a new trial only as to the amount of damages.

Reversed and remanded.

PURYEAR and TODD, JJ., concur.