**Rudolph SKORETZ and Estelle Skoretz, Plaintiffs-Appellants,**

v.

**William C. COWDEN, Defendant-Appellee.**

Court of Appeals of Tennessee, Eastern Section.

Dec. 6, 1985.

Application for Permission to Appeal Denied by Supreme Court Feb. 24, 1986.

**530**

Martin J. Levitt, Chattanooga, for plaintiffs-appellants.

David P. Hawley, Chattanooga, for defendant-appellee.

## OPINION

GODDARD, Judge.

Rudolph Skoretz and his wife Estelle appeal a judgment of the Circuit Court for Hamilton County entered upon a jury verdict which awarded Mr. Skoretz $4400 as damages for personal injuries he suffered in an automobile accident, and awarded Mrs. Skoretz no damages in her suit for loss of consortium.

They raise the following issues on appeal:

I.  Whether the trial court erred in overruling the Motion in Limine filed by the plaintiff.

II.  Whether the trial court erred in allowing proof that the Seventh Day Adventist Church voluntarily paid the plaintiff while he was off work.

III.  Whether the trial court erred in admitting evidence that certain of the doctors were Seventh Day Adventists, thus prejudicing the plaintiffs.

IV.  Whether the trial court erred in not requiring the jury to bring back at least nominal damages for loss of consortium.

V.  Whether the trial court erred in allowing defense counsel to argue to the jury his personal feelings about the case and, after objection was made, in compounding the error by not correcting defense counsel.

VI.  Whether the verdict is clearly inadequate under the proof and against the weight of the evidence.

On April 2, 1983, Mr. Skoretz was a passenger in an automobile which collided with one being operated by the Defendant. The Defendant conceded liability, and the only issue tried was the amount of damages, if any, suffered by the Plaintiffs.

Mr. Skoretz has been a Seventh-Day Adventist minister for some 26 years. Since 1976 he has worked as an evangelist with the church, giving nightly lectures for periods of five weeks at a time.

As a result of the impact with the Defendant's vehicle, Mr. Skoretz's head hit the windshield and his feet were jammed against the floorboard. He was taken by ambulance to Park Ridge Hospital, treated and released in time for him to give his lecture that night. The format of the lectures is for Mr. Skoretz to speak from a lectern, with a number of screens to his rear and overhead upon which pictures are projected illustrating his text.

The night after the accident he was not able to deliver the lecture personally, but was able to be present and operate a tape of his lecture which was synchronized with various pictures shown upon the screens.

He did not lecture the following night, and the next day went to his family physician, a Dr. Bishop, who later referred him to a neurosurgeon, Dr. Pittman. At this time he had complaints of his neck, heels, a tooth which was chipped, and problems with his knee. At the suggestion of Dr. Pittman he did not work for two weeks, but

did receive his regular salary which was $1800 per month. Over the next year and a half he visited various doctors and received various treatments.

His treating dentist testified that he had chipped a tooth which might eventually result in damage to the nerve necessitating a root canal. An orthopedic doctor testified that in his opinion, based almost entirely on subjective complaints, Mr. Skoretz sustained a 10 percent permanent partial disability due to his neck injury.

Dr. Pittman, a neurosurgeon who saw Mr. Skoretz two days after the accident, on April 4, again on April 18, and a third time in April of the following year, felt that the Plaintiff "did not suffer a permanently disabling injury." Medical bills incurred were approximately $2400.

The proof as it relates to Mrs. Skoretz's claim shows that her husband was unable to pick up his shoes, take walks with her, and do chores as he formerly had. It also shows that his injury had affected their "intimate life."

We turn now to the issues on appeal and will treat the first two together.

■ The Plaintiffs rely on the case of *Illinois Central Railroad Co. v. Porter,* 117 Tenn. 13, 94 S.W. 666 (1906), in support of their motion *in limine* and objection to evidence that Mr. Skoretz received his regular pay during the two weeks he was unable to work. In *Porter* a mail clerk employed by the United States of America was injured in a railway accident. He was paid his regular pay, but the trial court excluded this evidence when offered by the defendant. In affirming the trial court the Supreme Court quoted with approval from Watson's work on Damages for Personal Injuries as follows (117 Tenn. at 28; 94 S.W. at 670):

Mr. Watson, in his work on Damages for Personal Injuries, after citing cases holding against the right to recover for loss of time where wages have been paid, says: "On the other hand, there is authority for the position that the fact that the employer did not deduct the plain-

tiff's salary during the time he was disabled does not affect the plaintiff's right of recovery for the value of his time. This is unquestionably the sounder view. The tort-feasor has no right to invoke in his own defense the liberality of the plaintiff's employer, whose course in this respect is especially for the benefit of the injured party, and not for that of the author of the wrong. Certain it is, finally, that few employers would continue the salary of a valued employe during a term of incapacity from injuries if the effect of this was merely to relieve pro tanto the party liable in damages for the tort."

The Court did suggest that if it had been shown the plaintiff's employment contract required payments to be made while he was unable to work because of injury, the result might be different.

*Shelton v. Milam,* 492 S.W.2d 917 (Tenn. App.1972), citing *Porter* with approval, is in accord. *Porter* is also cited with approval, although admittedly in different factual contexts, in at least three later cases which stress the fact that the real measure of damages is the loss of the capacity to earn rather than loss of earning. *Southern Coach Lines, Inc. v. Wilson,* 31 Tenn.App. 240, 214 S.W.2d 55 (1948) (plaintiff not working at time of injury); *Dixie Feed & Seed Co. v. Byrd,* 52 Tenn.App. 619, 376 S.W.2d 745 (1963) (evidence regarding retirement benefits and accumulated sick leave in mitigation of damages); *Asbill v. Franklin,* 57 Tenn.App. 633, 423 S.W.2d 279 (1967) (evidence of sick leave benefits).

The Defendant counters this argument by stating that the proof was offered to shed light on Mr. Skoretz's impaired earning capacity. We believe, however, in the factual context of the present case, that this proof does not tend to illuminate this matter. Consequently, the evidence was erroneously admitted.

We concede, as argued by the Defendant, that it was for the jury to determine whether it was necessary or proper for Mr. Skoretz to be off work two weeks after the

accident, but the fact that he was paid his regular salary does not, in our view, have any probative value as to this question.

■ We do not believe the question propounded to the Plaintiffs' expert witnesses as to their church affiliation was error. The fact that doctors were members of the same church as Mr. Skoretz might, however slightly, show some interest on their part. Certainly if they had been a member of his congregation, this would be admissible. We do not find any error in allowing the evidence, being of the opinion that the objection goes to its weight rather than its admissibility.

The authority cited[1] in support of the Plaintiffs' position relates to a privilege claimed by a witness regarding questions about his church affiliation, rather than by a party to the lawsuit on behalf of a witness.

■ As to the Plaintiffs' insistence that the jury was required to return a verdict of at least nominal damages for loss of consortium, we note that in negligence cases wherein damages are an element of the right to recover, nominal damages are never proper. *A. DaPrato Company v. City of Boston,* 334 Mass. 186, 134 N.E.2d 438 (1956); *Fields v. Napa Milling Company,* 164 Cal.App.2d 442, 330 P.2d 459 (1958); *Prosser on Torts,* 4th Ed., p. 143. In the case at bar there is evidence that the injuries were minimal and loss of consortium of the wife was also minimal. Under the proof the jury, we believe, would have been justified in finding, as they obviously did, that Mrs. Skoretz's damages were *de minimis.*

■ In reaching the above conclusion, we do note from the colloquy between the Court and the jury foreman, when the jury returned with a verdict in favor of Mr. Skoretz, that it had not discussed Mrs. Skoretz's claim. However, when further instructed by the Court, the foreman, appar-

ently without consulting with the other jurors, responded that the jury found her damages to be "zero" and, when asked by the Court, all the jurors assented to this verdict. While this procedure might otherwise give us some concern, no issue is raised as to the manner the jury reached a verdict as to Mrs. Skoretz, and we do not choose to raise it *sua sponte.*

■ As to the fifth issue, the record shows that during the course of argument by defense counsel, the following occurred:

MR. HAWLEY: ... The only testimony that she has offered is that it has affected their marriage to some extent, and the only thing specific that I recall is the statement that they do not take walks as they used to, and Mrs. Skoretz says that Mr. Skoretz cannot pick up his shoes, and I find that an incredible statement for a man who for the last two years has been working at his regular employment during the in-and-out—

MR. LEVITT: Judge, I'm going to object. He's not supposed to state his personal opinion. That's not proper.

MR. HAWLEY: Well, that's my view of it.

MR. LEVITT: No, sir. That's not proper for a lawyer to state his personal opinion, and I'd ask the Court to instruct the jury to that.

THE COURT: Well, I always say this is lawyer talk. Lawyers have a reasonably wide bound to argue. Of course, it's sort of their opinion of what the case is about in a way, their legal opinion, of course, not necessarily personal opinion; but I think the jury knows that this is argument. It's not evidence. They're trying to point out to you what they think is important which came out in the evidence and of course, the same thing with you. You're not supposed to put yourself in the Plaintiff's seat or shoes. You're not supposed to do that. You're supposed to do what a reasonable person

---

**1.** *McCormick on Evidence,* 2nd Ed., Sec. 48.

as a juror would do, and the same thing with the lawyer. He's trying to do what he thinks is reasonable, so I think probably not a personal opinion, but legal opinion, legal observations of what the case is about is proper. All right. Proceed.

It is true that under Rule 8, DR7–106(C)(4) of the Supreme Court[2] an attorney is prohibited from asserting his personal opinion as to the justice of his cause. He may nevertheless argue his analysis of the evidence. Assuming for the purpose of this issue that the argument was prohibited, although a case can be made that it was merely his analysis of the evidence, we are persuaded that the error would be harmless as contemplated by Rule 36 of the Tennessee Rules of Appellate Procedure in that it did not more probably than not affect the judgment.

The last issue relating to the inadequacy of damages insofar as it relates to Mr. Skoretz is pretermitted.

For the foregoing reasons the Trial Court is reversed and the cause remanded for trial as to damages to Mr. Skoretz. The costs of appeal are adjudged one-half to the Plaintiffs and one-half to the Defendant.

PARROTT, P.J., and SANDERS, J., concur.

---

**2.** (C) In appearing in his professional capacity before a tribunal, a lawyer shall not:

. . . .

(4) Assent his personal opinion as to the justness of the cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters stated herein.