**FEDERAL INSURANCE COMPANY,**
as subrogee of Caregroup, Inc.,
Plaintiff,

v.

**BOSTON WATER AND SEWER COMMISSION and MATEP, LLC, Defendants.**

**Civ. A. No. 05–12391–NMG.**

United States District Court,
D. Massachusetts.

Aug. 15, 2007.

William R. Bagley, Jr., Dunbar & Rodman, LLP, Newton, MA, for Plaintiff.

Jeffrey T. Collins, Office of the Attorney General, Boston, MA, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

This case involves an insurance dispute arising from a flood at the Beth–Israel Hospital in Boston in 2004. After paying a claim, the hospital's insurance carrier, as subrogee, brought this lawsuit against water and electric utilities maintaining equipment near the hospital. One of the defendants now moves for summary judgment with respect to the plaintiff's First Amended Complaint. The plaintiff opposes that motion and has also filed a motion for leave to file a second amended complaint adding a new cause of action against the defendant. The motions will be resolved as follows.

### I. *Background*

Plaintiff Federal Insurance Company ("Federal") brought this subrogation ac-

tion against the defendants to recover damages for the claim it paid as a result of a flood that occurred at the Beth Israel Deaconess Medical Center ("the Beth Israel") in January, 2004. The insured, Care-Group, Inc. ("CareGroup"), owned and operated the Beth Israel facility during the relevant time period.

The plaintiff alleges that the defendants, the Boston Water and Sewer Commission ("BWSC") and MATEP, LLC ("MATEP"), were negligent in failing properly to design, inspect, install and maintain certain water pipes and electrical lines located in the vicinity of the Beth Israel. The plaintiff further alleges that MATEP's negligent design or maintenance caused an electrical line to emit "stray electrical current" which accelerated the corrosion of Beth Israel's fire loop piping system, thereby engaging the hospital's sprinkler system and causing a flood.

The acronym MATEP stands for "Medical Area Total Energy Plant", which is an electrical co-generation plant located in the Longwood medical area of Boston. The MATEP facility was previously owned and operated by a subsidiary of Harvard University. In 1997 or 1998, the MATEP facility was acquired from Harvard by MATEP, LLC. To complicate matters, MATEP, Inc. is a corporation that, according to the plaintiff, is the sole "member" of MATEP, LLC.

In or about 1978, an underground electric conduit was installed running between MATEP and one of the buildings that is now part of the Beth Israel. In the early 1990s, the electrical conduit was relocated to make room for certain other construction projects. The relocated conduit was in service as of December, 1992. On October 22, 2004, the Beth Israel's piping system failed, causing a flood that resulted in significant damage at the hospital. The plaintiff alleges that the location of the electrical conduit near the piping system and MATEP's failure properly to maintain the conduit caused the pipe failure.

The plaintiff filed the original complaint in this case in November, 2005, and then filed an Amended Complaint in March, 2006. The amended complaint alleges one count of negligence against MATEP. MATEP filed a motion for summary judgment in November, 2006, based on two affirmative defenses: 1) any negligence claims are barred by the Massachusetts statute of repose and 2) MATEP owed no continuing duty to inspect the underground utility line because it had no notice of any defect relating to the line.

## II. *Analysis*

### A. **Legal Standard**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991)(quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c).

A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Factual disputes that are irrelevant or unnecessary will not be counted. *Id.* A genuine issue of material fact exists where the evidence with respect to the material fact in dispute is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

Once the moving party has satisfied its burden, the burden shifts to the non-mov-

ing party to set forth specific facts showing that there is a genuine, triable issue. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves,* 994 F.2d 905, 907 (1st Cir.1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

**B. Analysis**

**1. Statute of Repose**

In Count II of the Amended Complaint, Federal alleges that MATEP and its agents were negligent for failing 1) to inspect, service and maintain in a proper manner the subject electrical line, 2) to ensure that the line was free of defects within industry standards and 3) otherwise to use due care under the circumstances. MATEP argues that any such claims are barred by the Massachusetts Statute of Repose, which provides as follows:

> Action of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property ... shall be commenced only within three years next after the cause of action accrues; provided, however, that in no event shall such actions be commenced more than six years after the earlier of the dates of: (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking possession for occupancy by the owner.

M.G.L. c. 260, § 2B. In other words, after six years, the statute completely eliminates a cause of action arising out of certain construction-related services. *See Klein v. Catalano,* 386 Mass. 701, 701, 437 N.E.2d 514 (1982). MATEP contends that, because the electrical conduit relocation project took place in 1991 and 1992, any claim for negligent design, installation or construction is barred by the statute of repose.

■ In subsequent pleadings, the plaintiff has abandoned its claim that MATEP is liable for negligent design, installation or construction of the subject electrical line in the 1991 time frame, rendering the statute of repose defense moot with respect to MATEP, LLC. To that extent, therefore, the motion for summary judgment will be allowed.

The plaintiff contends that although it has agreed to drop such a claim against MATEP, LLC, it may have a viable claim against predecessor affiliated entities. Federal points out that MATEP, Inc. is the sole "member" of MATEP, LLC and the prior owner of the MATEP facility. The plaintiff asserts that additional discovery is necessary to sort out corporate relationship questions but, even if that is so, allowing summary judgment in favor of MATEP will not preclude the plaintiff from seeking additional discovery from MATEP as the case progresses.

The only claim that potentially survives is one for negligent maintenance of the line and/or failure to warn of danger with respect to the period of time after the defendant acquired the MATEP plant in 1998 and before the date of the flood. That claim is addressed next.

**2. Defendants Duty to Inspect**

The amended complaint alleges that MATEP failed adequately to inspect or maintain its electrical lines. The subject lines are encased in a variety of protective sheaths and tubes and buried in concrete

under the roadway. The defendant contends that in the absence of notice of any problem or defect, it owes no duty to inspect buried utilities because such an inspection would necessarily entail the costly excavation of roadways. It cites several cases in which the SJC has held that water utilities owe no duty to dig up buried pipes for periodic inspection. *See Artz v. Hurley,* 334 Mass. 606, 608, 137 N.E.2d 916 (1956); *A. DaPrato Co. v. Boston,* 334 Mass. 186, 188, 134 N.E.2d 438 (1956); *Gerard v. Boston,* 299 Mass. 488, 489, 13 N.E.2d 415 (1938).

According to the plaintiff, the cited cases are inapposite, however, because as an electric utility, the defendant owes a high degree of care due to the dangerous nature of electrical transmission. *See Rathbun v. Western Mass. Elec. Co.,* 395 Mass. 361, 363, 479 N.E.2d 1383 (1985) (recognizing high duty of care placed on those who transmit electricity); *Gelinas v. New England Power Co.,* 359 Mass. 119, 124, 268 N.E.2d 336 (1971) (same). No case, however, has addressed the specific question of the duty owed by an electric utility with respect to electric conduits buried underground.

The plaintiff does not allege and the record lacks evidentiary support for a conclusion that MATEP's electrical conduits were actually defective. Nor does the plaintiff contend that MATEP had a duty to dig up the street and inspect the electrical lines. Rather, the plaintiff's theory of liability appears to be based on MATEP's failure to warn the plaintiff of potential electromagnetic interference from the subject electrical conduit.

■ In a reply memorandum to the plaintiff's opposition, MATEP objects to the plaintiff's argument based on failure to warn because the Amended Complaint does not state such a claim. Count II of the Complaint states a general claim for negligence, including a failure to use due care under the circumstances. Although there is no general duty to warn a person of danger, such a duty arises when a person or entity has some reason to suppose a warning is needed. *See De Martin v. New York, New Haven & Hartford R.R. Co.,* 336 Mass. 261, 266, 143 N.E.2d 542 (1957). The plaintiff's Amended Complaint, therefore, may arguably be construed to contain a claim for negligence based on failure to warn and thus is not subject to dismissal on that ground.

The plaintiff has not, however, adduced sufficient evidence to sustain a claim for negligence based on the defendant's failure to warn. Rule 56(e) of the Federal Rules of Civil Procedure requires the nonmoving party in a motion for summary judgment to set forth facts in affidavits or proffered in other reliable forms to demonstrate that there is a genuine issue of material fact for trial. *See Nieves v. University of Puerto Rico,* 7 F.3d 270, 276 n. 9 (1st Cir.1993).

■ The only evidence offered by the plaintiff suggesting that MATEP had any reason to warn the plaintiff of potential harm are deposition transcripts of Edward Lynch, MATEP's Rule 30(b)(6) designee and Henry Tseng, an electrical engineer who worked at the MATEP plant for Harvard until the facility's sale to MATEP, LLC. In each of those transcripts, the deponent acknowledges that he was generally aware that high voltage lines create magnetic fields which can cause nearby metal components to heat up and that MATEP had experienced such electromagnetic interference with metal objects at its own facility in the past. There is no suggestion, however, that electrical conduits had caused corrosion in pipes. Mr. Tseng, furthermore, never worked for MATEP after the plant was acquired by the defendant in 1998.

■ Even if that testimony were enough to establish the defendant's duty to warn the plaintiff of potential interference, the plaintiff has offered no evidence on the issue of causation. In its opposition, the plaintiff relies exclusively on the anticipated testimony of unidentified expert witnesses who will purportedly testify that the electrical conduits caused the corrosion of the Beth Israel pipes. In a separate motion for leave to file an amended complaint, the plaintiff refers to the expert witnesses by name but does not attach any affidavits. The bare allegation of counsel that an expert will testify in a particular manner does not satisfy the requirements of Fed.R.Civ.P. 56(e) and does not demonstrate that there is a genuine issue of material fact. *See Nieves,* 7 F.3d at 276 n. 9. MATEP's motion for summary judgment will, therefore, be allowed.[1]

### C. Plaintiff's Motion to Amend Complaint

On November 15, 2006, just after MATEP filed its motion for summary judgment, the plaintiff filed a motion for leave to further amend its complaint by adding a count for trespass against both MWSC and MATEP. The amended complaint does not seek any additional damages. The Scheduling Order in this case required amendments or supplements to the pleadings to have been filed on or before June 30, 2006, notwithstanding the fact that the parties have, evidently, agreed to certain extensions.

The theory of liability for the new claim is that electromagnetic fields emanating from MATEP's electrical lines trespass on the insured's property. The plaintiff's trespass theory involves the same nucleus of facts as the negligence theory but a cause of action based on trespass would not be subject to the statute of repose discussed above.

■ A party seeking to amend a pleading after a motion for summary judgment has been filed, however, faces a more stringent standard than is ordinarily applied under the liberal amendment policy of Fed.R.Civ.P. 15. As this session has previously noted, where a party desires to amend a complaint after an opponent has moved for summary judgment, the proposed amendment must be supported by "substantial and convincing evidence". *Revere v. Boston/Logan Airport Assocs. LLC,* 443 F.Supp.2d 121, 125 (D.Mass. 2006); *citing Adorno v. Crowley Towing & Transp. Co.,* 443 F.3d 122, 126 (1st Cir. 2006).

The plaintiff here has submitted no evidence supporting its theory of trespass and although it refers to expert witnesses who are expected to testify that the defendant's electrical conduits contributed to the corrosion of the metal pipes, it has not submitted any affidavits to that effect. Given the timing of the plaintiff's motion to amend, the attempt to plead trespass appears to be an attempt to avoid outright dismissal of its case in response to MATEP's motion for summary judgment. Moreover, the plaintiff has not explained why it could not have brought the trespass claim before the original deadline imposed for the filing of amended pleadings or at least before the defendant moved for summary judgment.

Because the Court will dismiss the only other claim against MATEP, however, and denial of the plaintiff's motion would result

---

**1.** Although the defendant contends, in further support of its motion, that the plaintiff failed to comply with the requirement that it submit a concise statement of disputed facts, the Court finds that plaintiff's "counterstatement of facts" submitted with the opposition memorandum suffices for purposes of Local Rule 56.1.

in dismissal of the case against the defendant, the Court will permit the plaintiff a brief opportunity to explain why it could not have conjured up the trespass claim prior to November, 2006. The plaintiff may file a supplemental memorandum (not to exceed five pages) and supporting affidavits, if necessary, on or before September 7, 2007, to that effect to which the defendants may respond on or before September 14, 2007, and, in the meantime, the motion will remain under advisement.

The proposed amended complaint would also add one count of trespass against BWSC, which also opposes the plaintiff's motion. BWSC has not yet filed a dispositive motion in this case, however, and will not be substantially prejudiced by the addition of a trespass claim. The plaintiff's motion to amend with respect to BWSC will, therefore, be allowed.

## ORDER

MATEP's motion for summary judgment (Docket No. 58) is **ALLOWED.**

The plaintiff's motion for leave to file a second amended complaint (Docket No. 63) is, with respect to BWSC, **ALLOWED,** and is, with respect to MATEP, retained under further advisement until September 14, 2007. MATEP may, on or before September 7, 2007, file a supplemental memorandum (not to exceed five pages) and supporting affidavit(s), if necessary, to explain why the trespass claim could not have been brought within the time limitations imposed by the Scheduling Order (or why it should be excused therefrom) to which defendants may respond on or before September 14, 2007.

So ordered.